SUSAN D. LOVING ET AL. v. SAM. H. MILLIKEN.

(Case No. 4889.)

1. MORTGAGE — EQUITY.— In determining whether a deed, absolute on its face, shall be construed as a mortgage, equity will look to all the circumstances preceding and attending its execution, and sometimes to those which occur afterwards. If there was a debt due from the grantor, and a loan made which the deed was intended to secure, the deed will be deemed but a mortgage, no matter how the transaction is disguised, and this though no written evidence of the debt be made or preserved.

2. FACT CASE.— See statement and opinion for facts held sufficient to establish a mortgage, though the deed was absolute on its face.

3. TENDER.—In trespass to try title and for possession, when the defendant, claiming under a deed which, though absolute on its face, was really a mortgage, wrongfully obtained and withheld possession of the mortgaged premises, it is not necessary to a recovery by plaintiff that he should tender the amount due defendant. The defendant may, under proper averments, in such a case, have a judgment for his debt, and foreclosure and sale to satisfy it.

APPEAL from Parker. Tried below before the Hon. A. J. Hood.

Suit by Susan D. Loving, joined by her son, G. B. Loving, against Sam. H. Milliken, to try title and for the possession of a lot of land in Parker county, worth $2,000, and also for the used rents of the same from the 1st day of January, 1881, worth $20 per month, and to remove a cloud from her title. The claim set up by appellee

she averred to be, first, a deed, in form, made by plaintiff Susan D. Loving to her son and co-plaintiff, George B. Loving; and second, a deed, in form, made by G. B. Loving to appellee, both of which bear date the 24th day of April, 1830. Appellant S. D. Loving charged that they were made and delivered on the said 24th day of April, 1880, to appellee Sam. H. Milliken, to secure him for money loaned by him to plaintiff George B. Loving, under the following circumstances, to wit: That on the said 24th day of April, 1880, George B. Loving was publishing a stock journal and manual, and became very much in need of $300 with which to run the business; he applied to Sam. H. Milliken, who was a banker, for a loan, when Milliken informed him that he would let him, Loving, have the money if he could secure him therefor. When Loving proposed to give him his mother and co-plaintiff as security, Milliken said that her name would not make it good. George B. Loving then proposed that his mother would give him, Milliken, a mortgage upon her place, meaning the place in controversy, when Milliken replied that it had been her homestead and that he did not want to take a mortgage upon it, but suggested to Loving that if he could or would get his mother to make him, Loving, a deed, and then Loving would make him, Milliken, a deed, that he, Milliken, would then loan him the $300 on the place, and if the same was paid back with interest in a reasonable time, that he would reconvey to him; that said Loving then went to the deputy county clerk and had deeds prepared, as suggested by Milliken, and appellant Susan D. Loving signed the one purporting to convey the place to George B. Loving, and he signed the one purporting to convey the place to Milliken; that Loving then went to appellee and delivered to him the two instruments on the 24th day of April, 1880, and that Milliken then loaned him the sum of $300 and placed the same to his credit in said bank, subject to his, Loving's, checks, and accepted the two deeds, in form, as security therefor, and agreed, in case he, Loving, should pay back the $300 and interest within a reasonable time, that he would convey the place back to Loving, and that he, Loving, drew out said money so borrowed from said appellee on the said 24th day of April, 1880. Appellant George B. Loving charged that he did not pay his said mother one cent for the making of the deed to him, and that appellee knew the facts and knew that she had only made it to enable him to incumber the same to the appellee for the sum of $300; that he, G. B. Loving, did not claim and never did claim any title to the land, and had joined Susan D. Loving in this cause for the purpose of having the title to the premises fully invested in Susan B. Lov-

ing upon her redeeming the same from the lien held by appellee for $300 and interest.

The facts, as shown in the opinion, sustained the averments in petition.

*I. N. Roach* and *E. P. Nicholson*, for appellants, cited Morrow v. Morgan, 48 Tex., 304; 13 Tex., 630; 4 Tex., 465; 17 Tex., 312.

*B. G. Bidwell*, for appellee, cited 30 Tex., 332; 45 Tex., 444; 52 Tex., 353; 52 Tex., 219; 8 Tex., 196; 14 Tex., 142; 18 Johns. (N. Y.), 544.

WILLIE, CHIEF JUSTICE.— As the judge who tried this cause without the intervention of a jury has not placed upon record his conclusions of law and fact, we are unable to know whether he construed the deed from Geo. B. Loving to Milliken to be an absolute conveyance, and not a mortgage, or, holding it to be a mortgage, gave judgment for appellee because the full sum of money secured by it was not tendered in the petition. We are, therefore, compelled to consider both these grounds, and see if either was properly decided by the court below.

In determining whether an instrument is to be construed as an absolute conveyance or a mortgage when there is no defeasance expressly agreed upon, equity looks to all the circumstances preceding and attending the execution of the instrument, and sometimes to those which have subsequently occurred. Ruffier v. Womack, 30 Tex., 344; Colwell v. Woods, 3 Watts, 194. From these the transaction will take its hue, no matter what coloring the declarations and apparent agreement of the parties have attempted to give it.

If there was a debt due from the grantor to the grantee, or a loan made, which the instrument secures, the transaction will be deemed a mortgage, let it be disguised as it may. No evidence of indebtedness may be taken or preserved and yet the debt may remain. For the sake of giving the transaction the appearance of a sale, all such evidences are usually avoided or canceled. Gibbs v. Penny, 43 Tex., 560.

The circumstances from which equity usually deduces the conclusion that a deed in form is in reality a mortgage, are exactly those which are prominent in this case. The existence of a previous indebtedness between the parties; the need which the grantor has for money; a negotiation between the parties, in which a mortgage is discussed, though apparently refused; an agreement to furnish more money and extinguish an old debt for a deed to the property;

a sale finally agreed on for much less than the property is worth; a statement of willingness by the grantee to reconvey if the money is refunded; no change in possession of the property taking place, as is always contemplated in absolute sales, without some understanding to the contrary.

These alone would seem to be sufficient to characterize the transaction as a mortgage. But when we add other potent facts proved on the trial, the conclusion becomes almost irresistible that a mortgage was intended by the parties. For instance, if the design was an absolute sale of the property, why did not Milliken take a deed directly from Mrs. Loving, in whom the title stood, instead of having a conveyance first made from her to Geo. B. Loving, and from the latter to himself? A deed directly from Mrs. Loving to Milliken would have as effectually placed title in Milliken as the more circuitous method which was adopted. But if the object was to take a mortgage upon the property, this would not have been good if taken directly from Mrs. Loving, because it was her homestead. The only satisfactory reason is that the title was placed in Geo. B. Loving because a mortgage from him would be valid.

Again, we have seen that if a loan is established and not a payment of purchase money, equity construes the deed to be a mortgage. Milliken himself testifies that nothing was said between him and Loving about a sale, but a deed was to be given for the amount then owing and what he then let Loving have in addition; and speaks of the money which he then let him have as a *loan.* Moreover, it is a singular fact that whilst the amount for which the property is alleged to have been sold is $825, the consideration stated in the deed is $1,000. This furnishes some proof that this sum was intended to include interest in the calculation of the amount the deed was made to secure.

This will probably account for another strange fact: that a purchaser of land should lay no claim to its possession, and let another enjoy its rents and take entire control of it for her own benefit. The explanation is, he reaped his profits in the way of interest on the pretended purchase money. We attach no importance to the fact that Milliken balanced his accounts upon the books of the bank. This was done without the knowledge of Loving. Milliken could not thus make evidence for himself; and the fact that he attempted to do so, if it had any significance at all, showed a design to disguise the real transaction and clothe it with the appearance of a sale, by destroying all evidence of debt still existing between the grantor and grantee.

We conclude that appellee's own testimony, taken in connection

with the other undisputed facts of the case, clearly established that the deed taken by him was intended to have the force and effect of a mortgage, and should have been so construed by the court below.

We are of opinion, also, that appellants were not bound to make any tender to the appellee in order to regain possession of the property. This is required when the mortgagee is rightfully in possession of the mortgaged premises. Hannay v. Thompson, 14 Tex., 142.

In this case possession was obtained in a manner unwarranted by law, and not contemplated by the parties. Appellee could not demand payment of the money secured by the mortgage before giving up premises, the possession of which he had obtained by an unlawful trespass. The mortgagor was entitled to them as well before as after default in paying the secured debt, and his right to recover did not of course depend upon the extinction of the lien held by the mortgagee. Duty v. Graham, 12 Tex., 427; Morrow v. Morrow, 48 Tex., 304; Mann v. Falcon, 25 Tex., 271.

Had appellee pleaded by proper averments the existence of this debt and the lien on the property to secure it, and prayed in reconvention for a foreclosure of that lien, he might have obtained a decree for a sale of the premises in satisfaction of the indebtedness, less the rents received by him. As the judgment will be reversed for the reasons already given, the cause will be remanded to give the appellee an opportunity to amend his pleadings so as to pray for a foreclosure of his lien, and, upon proper proof, obtain a judgment in reconvention to that effect. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 11, 1883.]