BAKER & TERRELL v. COLLINS & WILLMANN.

No. 40.

1. **Substitution of Lien Notes.**—The substitution of one note for several notes executed for the purchase money of land does not destroy the vendor's lien.

2. **Other Property Forming part of Consideration of the Notes.** That personal property was also conveyed at the same time does not destroy the vendor's lien that attached to land by operation of law, and could not prevent the parties from expressly contracting that such lien should be retained on realty.

3. **Homestead—Encumbrance.**—Homestead right attaching to land encumbered is subordinate to such encumbrance.

4. **Husband can Adjust Equities.**—When a homestead right attaches to land charged with preceding equities and encumbrances, the husband, if he acts in good faith, has the right to adjust these equities and encumbrances, and sub-

stitute for them a new lien; and he would be authorized to execute a new note and secure the same by mortgage on the land.

5. **Increased Interest and Attorney Fees.**—The extension of the time of payment was a sufficient consideration for the increased interest and attorney fees provided for in the new note.

6. **Mortgage not a Deed.**—Even though an instrument on its face purports to be an absolute deed, if the debt for which it was executed is not extinguished, the instrument is a mortgage.

7. **Mortgagee in Possession.**—When a vendee abandons possession without paying the purchase money, the vendor has a right to take possession of the land, and can not be ousted until the payment of the purchase money.

8. **Necessary Party to Foreclosure.**—Where a party does not except to pleadings for failure to make a necessary party in the lower court, or plead in abatement, he can not be heard to complain on appeal of the action of the court, in a case where the defendant in the court below is in possession under a deed, claimed by plaintiff to be a mortgage, and the defendant asks a foreclosure as to the plaintiffs, where the party claimed to be a necessary party is a nonresident of the State.

ERROR from Guadalupe.    Tried below before Hon. GEO. McCORMICK.

*John Ireland* and *W. R. Neal*, for plaintiffs in error.—1. The mortgagor was a necessary party, and no foreclosure could be had without him before the court.    Rev. Stats., art. 1340; Slaughter v. Owens, 60 Texas, 671; Black v. Black, 62 Texas, 298; 2 Texas, 450.

2. When personal property forms a part of the consideration of a note purporting to be for land, the evidence ought to show how much was for land, in order to have a foreclosure of the vendor's lien.    Hudson v. Wilkinson, 45 Texas, 451; 45 Texas, 227; Wasson v. Davis, 34 Texas, 159; Swain v. Cato, 34 Texas, 398; Stephens v. Mathews, 69 Texas, 341.

*Burges & Dibrell*, for defendants in error.—1. Edmonds was not a necessary party to foreclose; no personal judgment was asked or obtained against him, he having parted with his equity of redemption.    Foreclosure was asked as against plaintiffs in error by defendant, who was in possession.    Buchanan v. Monroe, 22 Texas, 541; 11 Texas, 478; 30 Texas, 8; 45 Texas, 230.

2. The sale was part cash and partly in notes, retaining lien on land.    De Bruhl v. Maas, 54 Texas, 465; Clements v. Lacy, 51 Texas, 150; Thomp. on Home., sec. 362.

NEILL, ASSOCIATE JUSTICE.—Action of trespass to try title, brought March 21, 1888, by plaintiffs in error against defendants in error.    The petition of plaintiffs was in the ordinary form.    Defendants answered by special plea, that Willmann was in possession of the premises through his codefendant Collins as his tenant, under a conditional deed made to him by John E. Edmonds on the 13th day of January, 1885, which by its

terms was to become absolute upon the failure of Edmonds to pay him $1433.85 on the 1st of January, 1886, and that Edmonds, in December, 1886, abandoned the premises and left the State of Texas, and went to the State of New York, where he has since resided with his family; whereupon defendant took possession of the premises, and has since remained in possession by virtue of said instrument of January 13, 1885. That the deed has become absolute by the failure of his grantor to perform said condition. That the sum of money mentioned in said deed was for a part of the unpaid purchase money owed by Edmonds for the land sued for, and that if the said instrument should be held in effect a mortgage, that such mortgage, as well as his equitable lien on the land for said purchase money, be foreclosed, and the premises decreed sold for the payment of said sum.

The plaintiffs, by supplemental petition, plead, that if such instrument was intended as a mortgage, it was void, for the reason that at the time it was executed the land was the homestead of Edmonds. That if a mortgage, it could not be foreclosed without making Edmonds a party to the suit. That the sum of money mentioned in said instrument was for personal property as well as land, and as it could not be ascertained how much was for the land and how much for the personalty, it was impossible to fix the amount for a foreclosure of the lien; and that the debt was barred by the statute of limitation.

The case was tried without a jury, and the court found the instrument referred to, to be a mortgage given for the purchase money, prior to plaintiffs' purchase of the equity of redemption, and decreed that the lien be foreclosed and the land be sold, and the proceeds applied to the payment of $1650, which was found to be due the defendant; and that if it brought more than enough to satisfy said sum, such excess should be paid to the plaintiffs.

It was also found that Baker & Terrell had the equity of redemption, and that by paying off and discharging the amount due on the premises before sale, they should recover.

From this judgment the writ of error was sued out.

*Conclusions of Fact.*—1. On the 20th day of September, 1882, Margaret S. and J. C. Morris purchased the land in controversy from W. H. McClaugherty, and executed their note for $700 for the balance of the purchase money, and in the deed and note expressly retained a vendor's lien on the land.

2. On November 10, 1883, W. H. McClaugherty, for a valuable consideration, transferred the note to Frank Saunders.

3. On December 24, 1883, Margaret S. and J. C. Morris sold the land, together with some personal property, to J. Brady, P. Finnigan, and J. E. Edmonds, for $2600, of which sum of money $1250 was paid cash, and

the balance stipulated to be paid as follows:  The sum of $450 due on the 1st of January, 1885; $450 due January 1, 1886; both of which notes bore interest from the 1st day of January, 1884, at the rate of 10 per cent per annum; and the further sum of $450, to be paid by the grantees to Frank Saunders in discharge of said note assigned to him by McClaugherty.

4.  The defendant in error Joseph Willmann, on the 11th of March, 1884, purchased the two notes of $450 each executed to Morris by Edmonds, Brady, and Finnigan for the purchase money of the land in controversy, and on the 17th day of January, 1885, he purchased from Frank Saunders the note of $450 made by Morris and wife to McClaugherty, and assumed by Edmonds, Brady, and Finnigan when they purchased the land.

5.  On June 28, 1884, Finnigan conveyed his interest in the land to Edmonds, and afterwards Brady sold his interest to him, Edmonds assuming the deferred payments of the purchase money evidenced by the said notes.

6.  On January 13, 1885, Edmonds being unable to pay Willmann the money then due him on said notes, executed him a note for $1433.85, which included the interest to January, 1885, in lieu of the original notes, which note was payable January 1, 1886, with interest payable annually at the rate of 12 per cent per annum from January 1, 1885, and provided, that should the interest not be paid when due, it should become a part of the principal and bear interest as the note, and that if the note was collected by legal proceedings 10 per cent attorney fees should be added. At the same time Edmonds executed to Willmann an instrument purporting to convey the land in controversy, to become absolute in the event Edmonds failed to pay said sum of $1433.85 and interest, or any part of the same.

7.  Edmonds failed to pay the note when it fell due, and in December, 1888, moved from the State of Texas with his family to the State of New York, where he has ever since resided.  Whereupon Willmann took possession of the premises by virtue of said instrument.

8.  On January 26, 1887, J. E. Edmonds conveyed the land to G. L. Baker and Henry Terrell by an absolute deed.

9.  At the time Edmonds acquired the property, and when he executed the instrument of conveyance to appellee, he was a married man, but his wife was dead when he made the deed to Baker and Terrell.

*Conclusions of Law.*—The record shows conclusively that the three notes of $450 each, for which the note of January 13, 1885, for $1433.85 was given in substitution, were given for a part of the purchase money of the land in controversy, and that a vendor's lien was expressly retained in them and the deed to secure their payment.  That personal

property was also conveyed at the same time did not operate so as to destroy the vendor's lien that attached to the land by operation of law, and certainly could not prevent the parties from expressly contracting that such lien should be retained on the realty.    The lien attached to the land prior to Edmonds' homestead right in it, and such right was subordinate to such encumbrance.    The rule is well settled in this State, that when a homestead right attaches to land charged with preceding equities and encumbrances, the husband, if he acts in good faith, has the right to adjust those equities and encumbrances, and in such adjustment, substitute for them a new lien.    Clements v. Lacy, 51 Texas, 151; Gillum v. Collier, 53 Texas, 592; De Bruhl v. Maas, 54 Texas, 474; Hicks v. Morris, 57 Texas, 662; Morris v. Geisecke, 60 Texas, 635.    Therefore, when Edmonds was unable to meet the payment of the notes when they fell due, he was authorized to adjust the matter by giving a new note with increased interest, and secure the same by a mortgage on the premises, such new note being a vendor's lien for the purchase money; and the extension of the time of payment was a sufficient consideration for the increased interest and attorney fees provided for.    The instrument asserted by appellee as a conditional deed was in effect a mortgage, for the relation of debtor and creditor existed between the parties at the time of its execution.    Neither the debt nor any part of it was extinguished.    The instrument was intended by the parties simply to secure the debt, and not to pass the title to the land.    Alstin v. Cundiff, 52 Texas, 462; Loving v. Milliken, 59 Texas, 423; Gibbs v. Penny, 43 Texas, 560; Hart v. Eppstein, 71 Texas, 752; Gray v. Shelby, 83 Texas, 408.

When Edmonds abandoned the premises, appellee had the right to take possession thereof, and hold the same, subject to the payment of his debt, against Edmonds or his vendee.    Willmann, in the exercise of such right, was in possession when the suit was instituted and the case tried, and he could not be ousted of his possession by appellants until his mortgage was satisfied.    Duke v. Reed, 64 Texas, 715; Loving v. Milliken, 59 Texas, 426; Bosse v. Johnson, 73 Texas, 608.    The appellants never denied that appellee was in possession under said instrument, but showed it to be a mortgage, seemingly apprehending that by proving it to be such they would be entitled to recover the property; and they would, if they had discharged or tendered payment of the mortgage debt.    This they never did, and do not want to do, for the judgment of the court below gives them ample opportunity of doing so.    By the judgment they are accorded every right they are entitled to, and by doing what the law, as well as equity and good conscience, requires, they can obtain possession as well as title to the land, as against the appellee, under the judgment rendered.

Under these circumstances, ought they be heard to complain, and urge for the first time before this court, that the mortgage could not be fore-

closed without making Edmonds a party to the suit?  True, in order to affect Edmonds by the foreclosure proceedings, he should have been made and was a necessary party.  Black v. Black, 62 Texas, 297.  But the judgment does not affect him, and does not pretend to.  His right in the property and to dispute the debt is now what it was before the judgment was rendered.  But, what is his right in the land, if the appellants, as they claim, have an absolute deed to it?  None.  It would be immaterial to him, so long as a personal judgment was not rendered against him, for what amount a lien was foreclosed on it, for it would in no event affect him.  When a foreclosure of the mortgage was prayed for as against appellants in the lower court, they never excepted to appellee's answer in which the relief was asked, upon the ground that Edmonds was a necessary party to the proceeding; nor did they plead in abatement the absence of a necessary party, nor ask the court to withhold the matter of foreclosure from the jury; nor ask for a new trial upon the ground that a necessary party had not been made.  They took their chances for a verdict on the issues as presented, and for the first time raise the question in this court that Edmonds should have been made a party.  After Edmonds abandoned the State and became a citizen of New York, constructive service was the only kind that could be obtained on him, which would not authorize a personal judgment against him for the debt secured by the mortgage.  Pennoyer v. Neff, 5 Otto, 715.

In the cause of McKeen v. Stultenfuss, 61 Texas, 325, the court held, that the mortgagor who had received his discharge in bankruptcy, and therefore no longer liable for the debt, was not a necessary party to a suit to foreclose a mortgage in the form of a deed made by him to secure a debt for which a decree of foreclosure was prayed on land, for the reasons, that no judgment could be rendered against him for the debt; and as he had conveyed all his right to the property to one of the parties, he had no interest whatever in the subject matter of the suit.  This case shows that a mortgagor is not in every instance a necessary party to a foreclosure, and that a decree in his absence is not void.  The case cited is similar to the one in hand, and the principle that made it unnecessary to make the mortgagor a party in that case obtains in this.  In that case, the judgment for the debt could not be obtained against the mortgagor, because he had been adjudged a bankrupt.  In this, such judgment could not be obtained against Edmonds, for the reason he was beyond the limits of the State, and jurisdiction could not be obtained over his person. We think that if the question as to the right of the court to decree a foreclosure without Edmonds being made a party had been raised in the court a quo in the proper way by appellants, they would have had the right to have him brought into court if personal service could have been obtained on him; but as the question was not made, and the judgment is

not void, and is as favorable to appellants as they were entitled to, we do not believe the judgment should be reversed on that account, and we therefore affirm it.

*Affirmed.*

Delivered October 18, 1893.