**THOMASON et al. v. WIEBUSCH et al.**

No. 2855.

Court of Civil Appeals of Texas. El Paso.

Nov. 27, 1935.

Rehearing Denied Jan. 16, 1936.

W. F. Bane, Walter R. Fly, and P. G. Peurifoy, all of Dallas, for appellants.

W. H. Reid and John A. Erhard, both of Dallas, for appellees.

PELPHREY, Chief Justice.

We heretofore sustained appellees' motion to dismiss the appeals in this cause. Thomason et al. v. Wiebusch (Tex.Civ. App.) 73 S.W.(2d) 142. Our action was sustained as to G. W. Thomason, but was reversed as to appellant Peurifoy. Peurifoy v. Wiebusch (Tex.Com.App.) 82 S.W. (2d) 624.

Prior to April 14, 1927, the Powell University Training School, a corporation, was the owner of the land involved in this suit.

Four hundred and ninety-eight of the shares of stock in that corporation were owned by Nathan Powell, who was president; one share was owned by Minnie E. Powell, wife of Nathan Powell, and secretary of the corporation; and one share by Florence Powell, daughter of Nathan Powell. On April 14, 1927, Powell University Training School executed to C. P. Haynes, trustee, a deed of trust on the property to secure a note in favor of G. W. Wiebusch in the sum of $20,000, and on November 8th, of the same year, executed another with the same trustee to secure a note for $2,000.

On August 16, 1928, the Powell University Training School passed a resolution authorizing its officers to execute a deed to Wiebusch, trustee, to assure the payment of the above notes and in which Wiebusch was to be authorized to manage, sell, and convey the property just as though he was the owner thereof in fee simple, and providing further that no purchaser from him should be required to see to the application of the proceeds of any sale by him and that any balance remaining after the indebtedness to Wiebusch and all expenses had been paid was to go to Minnie E. Powell.

On the same date a deed was executed by Nathan Powell as president of Powell University Training School and attested by Minnie E. Powell as secretary, conveying to Wiebusch the property, as trustee, but containing appropriate provisions carrying out the powers specified in the resolution above mentioned, except the one as to the remainder going to Minnie E. Powell.

Thereafter, on August 20, 1929, Wiebusch released both of the deed of trust liens securing the notes.

On August 19, 1929, Wiebusch, Nathan Powell, and G. W. Thomason entered into a contract in which Wiebusch and Powell agreed to convey to Thomason the property here involved for a consideration of $50,000; $10,000 of which was to be in 150 acres of land situated in Clay county, Tex., and the execution of a note for $40,000 payable on or before ten years from date. On January 9, 1931, Wiebusch, Nathan Powell, and wife, and the Powell University Training School brought suit in trespass to try title and for damages against Thomason, alleging that he was unlawfully withholding the land in question from them to their damage in the sum of $10,000.

On May 15, 1931, P. G. Peurifoy filed his plea of intervention claiming an interest in the property, and on August 4th following filed an amended plea in which he claimed to be the record title owner of the property and praying for damages for its detention. In the alternative, he alleged that, in the event it should appear that either Minnie or Florence Powell had an interest in the property, that it was susceptible of partition for which he prayed; that in the event the court should find the property not subject to partition that the court order enough of the property sold to satisfy the interest of Minnie and Florence Powell, or, if such course would work an injustice, that the court appoint a receiver to sell the property or enough thereof to satisfy their interest.

On October 29, 1931, intervener was awarded an interlocutory judgment against Florence Powell, vesting in intervener all right, title, and interest in the property claimed by her.

The claim of P. G. Peurifoy is based upon a sheriff's deed executed by the sheriff of Dallas county, Tex., to his father and mother, R. G. and Laura Peurifoy, and the execution by them of a deed to him to the property, dated July 19, 1930.

Upon hearing the plaintiffs took a nonsuit as to the damages claimed against both Thomason and Peurifoy. At the conclusion of the evidence, the court instructed the jury to return the following verdict:

"We, the Jury, under the instruction of the Court, find in favor of the plaintiff, G. W. Wiebusch, individually, and as trustee, as against both the defendant, G. W. Thomason, and against the intervener, P. G. Peurifoy, and that all cloud cast upon the title of said plaintiff as to lots 1, 2, 3, 4, 5 and 6, in Block D, of University Annex, Second Installment, Addition to the City of University Park, in Dallas County, Texas, be removed.

"We further find against the defendant, G. W. Thomason, upon his claims for title, lien and damages herein, and in favor of all the other parties to this suit as against said defendant, Thomason.

"And we further find against the intervener, P. G. Peurifoy, as to all claims asserted by him herein, and that he take nothing thereon, and in favor of all other parties to this suit as against said P. G. Peurifoy."

From a judgment in accordance with such instructed verdict, this appeal has been prosecuted.

### Opinion.

Appellant Peurifoy's brief contains nineteen assignments of error and eight propositions, with only the first six being briefed. These propositions question the correctness of the trial court's action in admitting evidence of plaintiff's title, they having failed to file a written abstract of their title with the papers of the cause within twenty days after demand therefor was made; in rendering judgment in favor of Wiebusch, individually, or as trustee, the evidence showing him to be, at most, a lienholder or mortgagee, and not showing title together with right of possession in him; and in rendering such judgment in spite of the fact that Wiebusch was precluded from asserting any liens on the property in question as against appellant, an innocent purchaser, after having placed of record releases of such liens; in admitting evidence as to items of indebtedness against the Powell University Training School not pleaded by Wiebusch; and in taxing more costs against him than those incident to his defense.

In answer, appellee proposes that appellant had no right in the case as intervener, no permission by the court to intervene being shown in the record; that when he intervened and set up an independent cause of action and prayed for judgment thereon against all parties, he placed himself in the position of a plaintiff and was charged with the necessity of proving his cause of action as a predicate to a judgment in his favor; that having failed to establish his cause of action he was not entitled to recover; and that he not being a party to the trespass to try title suit his notice of demand to file abstract of title was of no effect.

It is evident from the judgment rendered awarding Wiebusch both title and possession of the property that the court must have been of the opinion that the deed from the Powell University Training School to Wiebusch as trustee conveyed the fee-simple title to the property.

█ In this the court was plainly in error. It appears conclusively that the deed was given to secure Wiebusch in his indebtedness and the fact that he was given authority to manage it as though it was his own and that purchasers from him would not be put on inquiry as to what disposition he made of the proceeds would in no way change his position thereunder from that of mortgagee.

The further fact that the remainder of the proceeds after Wiebusch and all expenses had been paid was to go to Minnie E. Powell shows that the conveyance was a mortgage and not of the fee.

Besides, the introduction of the deed from the Powell University Training School to Wiebusch was objected to by appellant Peurifoy because Wiebusch did not file an abstract of his title in the cause within the time fixed by the court for him to do so. If such objection was good, then there was no evidence upon which the court could have found the title to be in Wiebusch.

Article 7376, R.S., 1925, provides that a party to a suit in trespass to try title may demand that the opposite party file an abstract of his title to the premises in question, and article 7377 requires that such abstract shall be filed with the papers of the cause within twenty days after the service of notice of demand or within such further time as the court for good cause shown may grant, and that in default thereof, no evidence of the claim or title of such opposite party shall be given on the trial.

█ It has been held that a strict compliance with the provisions of this statute is necessary where a reasonable demand has been made to authorize the introduction of evidence as to the claim of the party on whom the demand is made. Butler v. Duffey (Tex.Civ.App.) 288 S.W. 598; Davis et al. v. Cisneros et al. (Tex. Civ.App.) 220 S.W. 298; Hayes v. Groesbeck (Tex.Civ.App.) 69 S.W. 237.

The record here shows that Peurifoy filed his demand that the plaintiffs file their abstract of title on May 14, 1931; that two extensions of time of twenty days each were granted by the court; that certified copies of the deed from the Powell University Training School to Wiebusch and three other documents were filed on April 13, 1932.

█ The contention of appellee that Peurifoy was not a party to the suit because no permission to intervene is shown in the record is not tenable. The court, in entertaining his plea and in granting appellees an extension of time under his demand, recognized him as an intervener.

█ Under the above authorities, these documents should not have been admitted

in evidence, thus leaving no evidence of any character of title in Wiebusch.

From what has been said, it is apparent that such portion of the judgment as awarded the title to Wiebusch is without foundation in law and cannot stand.

The court also rendered judgment that Peurifoy take nothing by reason of his plea of intervention and that as to the claim of Peurifoy, Wiebusch, individually, and as trustee, have judgment against him. As to this part of the judgment, under the facts presented, the question of a mortgagee's right to retain possession as against persons claiming under the mortgagor is presented.

As said heretofore, Wiebusch was shown to be a mortgagee of the property not only by the provisions of the resolution of the board of directors of the Powell University Training School and the deed from that school to him, but also by the testimony of Powell and others. It also appears from the pleading of appellant Peurifoy himself, in which Peurifoy clearly puts himself in the position of a party plaintiff, that Wiebusch, together with other plaintiffs, was in possession of the property. If we consider the deed from the training school to Wiebusch as part of the evidence, then the possession of the property is shown conclusively to be in the latter. If we exclude that document as well as the resolution from our consideration, there still remains, in our opinion, sufficient evidence upon which the trial court might have found that Wiebusch was lawfully in possession of the property.

Under such a state of facts, the trial court properly refused to oust Wiebusch from his possession of the property until he had been paid his debt. Baker v. Collins, 4 Tex.Civ.App. 520, 23 S.W. 493, and cases cited.

The matter of taxing costs is left largely to the discretion of the trial court, Payne v. Benham, 16 Tex. 364; Jones v. Ford, 60 Tex. 127; Texas & P. Railway Co. v. Davis (Tex.Civ.App.) 66 S.W. 598; Hines v. Meador (Tex.Civ.App.) 193 S.W. 1111, and under the facts of this case we find no such abuse of discretion as would warrant a reversal of the judgment on account of the total costs being taxed against appellant.

The judgment will be reformed so as to strike therefrom that portion awarding title and possession of the property to Wiebusch, and, as thus reformed, will be affirmed.