**W. L. SIMMS, Appellant,**

v.

**Ruperto Lopez ESPINDOLA et al., Appellees.**

**No. 13276.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 29, 1958.

Rehearing Denied March 5, 1958.

Cox, Wagner, Adams & Wilson, Brownsville, Polk Hornaday, Harlingen, for appellant.

Garcia & Warburton, Brownsville, for appellee.

BARROW, Justice.

This suit was filed by appellant, W. L. Simms, against Ruperto Lopez Espindola and Luis Ramirez Lopez, upon a promissory note and to foreclose a vendor's lien against certain property hereinafter mentioned. The court, without a jury trial, rendered judgment in favor of appellant for the amount of the note, interest and attorney's fees, but denied foreclosure of the lien. From that part of the judgment denying the foreclosure, Simms has appealed. The trial court filed findings of fact and conclusions of law.

It appears that about the first of September, 1955, W. L. Simms and Ruperto Lopez Espindola entered into a written contract for the sale of certain real estate and equipment situated in the City of Port Isabel, Cameron County, Texas. The total sale price was $15,000, for both real estate and personal property. The contract provided for payment of $5,000 cash, the assumption of a mortgage theretofore existing, and the execution of an additional mortgage for the unpaid balance in approximately the sum of $6,200. Thereafter, about the month of December, 1955, the appellees, Ruperto Lopez Espindola and Luis Ramirez Lopez, entered into possession of the real estate and took possession of the personal property under said contract.

The note in question is in the principal sum of $6,098.86, the calculated balance after the assumption of the existing note and deduction of the $5,000 cash payment. This note is dated January 1, 1956, and is signed by both appellees. It contains the following provision:

"The payment of this note is secured by vendor's lien reserved in deed of even date herewith from Walter L. Simms and Lola T. Simms to ———— conveying Lot One (1) Block Four (4) South Shore Heights Addition to the City of Port Isabel, Cameron County, Texas."

There are two deeds in the record in this case, both bearing date of January 18, 1956, conveying said real estate to the appellees from Walter L. Simms and Lola T. Simms, but in neither of said deeds is said vendor's lien expressly retained. It is apparent that the deed marked Exhibit No. 3 was executed about the 18th of January, 1956, but the evidence shows and the court found, that the deed marked Exhibit No. 4 was executed about the month of March, 1956. The court also found that the note in question was executed about the month of March, 1956. Neither of said deeds was recorded at the time of the trial, but the deed designated as Exhibit

No. 4, contained the revenue stamps attached and paid for by appellee Espindola. It is undisputed in the evidence that the second deed, known as Exhibit No. 4, was a correction deed in lieu of Exhibit No. 3, the only difference between the two being that the personal property listed in the first deed was re-listed in the second and given separate values. Also, household furniture was added to the second deed which did not appear in the first deed. All parties are in agreement that this was done in order to secure a new loan on the property to take up the existing indebtedness, although they differ on which one of them wanted this done.

■ The trial court concluded that no valid lien existed against the real estate conveyed for the reason that there existed no deed of even date with said note, and that the note itself is ambiguous and does not evidence a clear intent to create a lien on the property described. The court further concluded that title having vested in appellees by deed prior to the execution of the note, no valid lien was created. In each of these conclusions the trial court erred.

■ It is apparent from the record that there was an intention on the part of all parties that a lien was to be reserved to secure the purchase money. This is evidenced by the written contract, by the face of the note signed by appellees, and by the testimony of all the parties to the transaction. A lien may be acknowledged in the note as well as reserved in the deed. In Buckley v. Runge, Tex.Civ.App., 136 S.W. 533, 535, the notation, "Secured by S.E. and S.W. Quarter of N.E. Bl. of outlet 70," was held sufficient. In that case the Court said: "It is well settled that a reservation in the purchase-money notes of an express vendor's lien is sufficient to reserve in the grantor the superior title to the land, until the notes are paid." In Miller v. Linquist, Tex.Civ.App., 141 S.W. 170, 171, citing Buckley v. Runge, the note contained

the following language: "For balance due on some lots in Mineral Wells, Texas, the said lots to stand good till paid." This was held sufficient, although the note was executed prior to the deed and the deed contained no reservation.

It is said in 43–A Texas Jurisprudence, Vendor and Purchaser, Sec. 320:

"When the vendor conveys the property by a deed that expressly reserves a lien for the purchase price, an express lien is created. It is also created when the vendor conveys by an absolute deed and the purchaser gives a note describing the property and reciting the retention of a lien by the vendor."

In Lundy v. Pierson, 67 Tex. 233, 237, 2 S.W. 737, 739, the Supreme Court of Texas said:

"It is settled by this court that the reservation of a purchase-money lien in the notes given for land renders the sale executory, in the same manner as if the reservation were contained in the deed itself. McKelvain v. Allen, 58 Tex. [383] 387."

In Cundiff v. Corley, Tex.Civ.App., 27 S.W. 167, 169, it is said:

"2. The vendor's lien was not waived or lost by the failure to take the mortgage, since the note recites that a lien on the land is acknowledged. Although there may be no express reservation of the lien made in the deed, such reservation or acknowledgment in the note will be sufficient to render the contract executory and to preserve the superior title to the land in the estate."

In Ellis v. Hannay, Tex.Civ.App., 64 S.W. 684, 685, it was said:

"To this deed and the two notes defendants objected on the grounds: (1) There being no express lien re-

served in the deed from Peebles and wife to Hannay, the title vested in him; and retaining the lien in the notes does not make the transaction an executory contract, * * *.

"* * * It is equally well settled that the acknowledgment of the lien in the notes given for the purchase money of land has the same effect as if the lien was expressly retained in the deed. Jackson v. Palmer, 52 Tex. [427] 434; McKelvain v. Allen, 58 Tex. [383] 387; Abernethy v. Bass, 9 Tex.Civ.App. [239], 29 S.W. 398."

█ It is equally well settled in this State that where a sale of realty and personalty is made in gross for a lump sum, without any stipulation as to separate values, a valid lien may be secured on the real estate to secure the entire purchase price. Honaker v. Jones, 102 Tex. 132, 113 S.W. 748; Baker v. Collins, 4 Tex. Civ.App. 520, 23 S.W. 493.

It appears that this entire transaction was one and the same. It matters not that the instruments were not executed simultaneously. We think the trial court erred in refusing to grant a foreclosure of the lien involved in this case.

The judgment of the trial court granting judgment in favor of appellant for the amount of the note, interest and attorney's fees is affirmed. But the judgment of the trial court denying a foreclosure of the lien is reversed, and judgment here rendered granting a foreclosure of the lien on Lot One, Block Four, South Shore Heights Addition to the City of Port Isabel, Cameron County, Texas, as prayed for by appellant.

Affirmed in part and reversed and rendered in part.