## A. H. Murrell et al v. Kelly-Goodfellow Shoe Company.

### Decided January 26, 1898.

**1. Mortgagee in Possession—Mortgagor—Purchase—Trespass to Try Title.**

The purchaser of the equity of redemption can not recover the premises from the mortgagee rightfully in possession without payment of the mortgage debt.

**2. Same—Adjustment of Equities—Parties.**

Nor can such purchaser have a partial recovery by reducing the mortgagee's claim by an adjustment of supposed equities between him and others not parties to the suit.

**3. Same.**

B. bought two tracts of 323 and 177 acres of land respectively, giving lien thereon for $1000, and sold the 323 acres, with warranty, to defendant, who had record but not actual notice of the lien; then, failing in business, B. transferred certain lots to defendant, reciting as consideration a debt of $1000. (In fact, the consideration was to indemnify against the $1000 lien for which B. was liable on his warranty and which the holder was foreclosing.) Plaintiff, a judgment creditor of B., having purchased under execution his title to the lots last conveyed to defendant, sued him in trespass to try title, alleging that the conveyance to him was fraudulent. Held: (1) While the deed to defendant was merely as indemnity against the lien, the purchaser of the equity of redemption could not dispossess him without payment of the debt. (2) The court could not, in a suit to which the holder of the lien was not a party, apportion it between the two tracts bound therefor, and, adjusting the equities arising from defendant's receipt of rents, award plaintiffs a recovery of one-

half of the lots. (3) If any parties interested could have been bound by the judgment, the evidence did not afford a basis for such adjustment of equities in the absence of proof as to the value of the respective tracts subject to the lien.

APPEAL from Coryell.   Tried below before HON. E. A. McDOWELL, Special Judge.

*White & Mengs* and *Alexander & Atkinson,* for appellants.

*Stinnett Bros.* and *J. E. Walker,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by appellees, Kelly-Goodfellow Shoe Co., a private corporation of Missouri, located at St. Louis, against A. H. Murrell and Wm. Schulze, to recover of defendants, lots Nos. 2 and 3 in block No. 80 of the town of Gatesville, Coryell County. The first count in the petition is in the form of statutory action of trespass to try title. The second count sets up that prior to the 15th day of September, 1893, plaintiff was a creditor of Buckley & Barton, a firm composed of M. B. Buckley, J. C. Barton, and W. V. Miller; that the firm was insolvent; that the premises were then owned by M. B. Buckley, who was also insolvent; that M. B. Buckley on the 15th day of September, 1893, with the fraudulent intent of delaying and defeating his creditors, especially plaintiff, conveyed the premises in suit to A. H. Murrell; that the sale was only simulated and colorable, was only a pretended sale, was fraudulently made, and was void as to creditors of M. B. Buckley and Buckley & Barton; that the deed was made by Buckley and accepted by Murrell to conceal Buckley's title to the property from creditors; that the deed was never in fact delivered to the vendee or accepted by him, and that it was not the intention to pass the title to Murrell, to the premises in suit. Plaintiff further sets up its title to the premises in suit by its attachment levied on the premises June 11, 1894, judgment against M. B. Buckley, J. C. Barton, and W. V. Miller, and against the firm of Buckley & Barton in the County Court of Coryell County on the 2d of October, 1894, for $387, execution therefrom, levy on the property, sale by the sheriff as property of defendants, and purchase by plaintiff.

Defendants answered by general demurrer and plea of not guilty.

The case was tried without a jury, and on the 10th of February, 1897, judgment was rendered for plaintiff for an undivided one-half of the land sued for, from which defendants have appealed.

Findings of Fact.—The trial judge filed his conclusions of fact and law as follows:

"1. I find that on and prior to the 15th of September, 1893, the firm of Buckley & Barton were justly indebted to plaintiffs herein in the sum of $361.75, and were indebted to divers other persons in sums largely in excess of their ability to pay.

"2. I find that said Buckley & Barton had their business, which was that of mercantile, destroyed by fire on the 13th of September, 1893.

"3. I find that on the 28th day of May, 1894, plaintiff filed suit on its said debt in the County Court of Coryell County against M. B. Buckley, J. C. Barton, and W. V. Miller, alleging that they were partners composing the firm of Buckley & Barton, and on same day sued out a writ of attachment, which on the same day was levied upon the property in controversy.

"4. I find that on the 2d of October, 1894, judgment was rendered in said suit by said court in favor of plaintiffs against M. B. Buckley, J. C. Barton, and W. V. Miller, and the firm of Buckley & Barton for the sum of $387, which judgment recited the issuance and levy of said writ of attachment on the property in controversy, preserved the lien thereof, and directed the sale of said property as under execution.

"5. I find that on November 1, 1894, execution was duly issued on said judgment, which on the 5th day of November, 1894, was, by the sheriff of Coryell County, levied on the property in controversy, and thereafter, on the first Tuesday in December, 1894, said property was regularly sold by said sheriff under said execution, plaintiff herein being the purchaser for the sum of $50 paid, and thereafter, to wit, on the 4th day of December, 1894, said sheriff executed to plaintiff a deed to said property, conveying all the estate and title which said Buckley & Barton, and M. B. Buckley, J. C. Barton, and W. V. Miller had thereto.

"6. I find that on the 15th day of September, 1893, M. B. Buckley, a member of said firm of Buckley & Barton, conveyed to the defendant A. H. Murrell the property in controversy, reciting in the deed as follows: 'In consideration of the sum of $1000 to me in hand paid by A. H. Murrell, as follows: that is to say, that whereas, I am justly indebted to the said A. H. Murrell in the sum of money, this conveyance is made in satisfaction and payment of said indebtedness, which said indebtedness the said Murrell has this day canceled and surrendered to me.'

"7. I find that the defendant A. H. Murrell conveyed to M. B. Buckley a tract of land, being 271 acres, a part of the Zelner survey, on the 22d of August, 1891, reciting a consideration of $2000 cash and the assumption of note for $1000, dated February 1, 1888, due February 1, 1893, to Annie Jane Bishop, J. B. Watkins being trustee, said $1000 note being secured by deed of trust to said land made by A. H. Murrell.

"8. I further find that said lien of said deed of trust was afterwards assumed by J. C. Barton, and said defendant A. H. Murrell was, by written release made by J. B. Watkins, released from payment thereof.

"9. I further find that on the 24th of August, 1891, M. B. Buckley purchased from Clara Kauffman two tracts of land, part of the J. M. Hill surveys, 1st tract being 323 acres and 2nd 177 acres, deed reciting consideration of $1625, $500 cash and balance deferred payments. That thereafter, on the 6th of October, 1891, said Buckley conveyed said 323-acre tract to defendant Murrell by general warranty deed, reciting consideration of $1000 paid. That at the time of the purchase of said land from Buckley by Murrell, he had only constructive notice of the debt due Clara Kauffman, and further, that at the date of the conveyance of the

property in controversy by Buckley to defendant Murrell, there was still due Mrs. Kauffman about $1000, which bore interest at 10 per cent per annum.

"10. I find that on the 12th of July, 1893, said M. B. Buckley con-veyed by warranty deed said 177-acre tract to J. C. Barton, the deed reciting a consideration of $1 paid.

"11. I further find that while the deed to the 323-acre tract from Buckley to Murrell states a cash consideration of $1000, that the trade was in fact an exchange of the said Zelner survey for the said 323 acres.

"12. I find that defendant Murrell has been in possession of the property in controversy from time same was conveyed to him, and has received a rental therefrom of $7 per month.

"13. I find that on July 15, 1893, said J. C. Barton conveyed said 177 acres, with other lands, to W. F. Howard et al., by deed with war-ranty, for a consideration of $4500 paid and secured to be paid, which deed did not mention the debt to Mrs. Clara Kauffman.

Conclusions of Law.—"1. I conclude that the assumption by J. C. Barton of the debt due Annie Jane Bishop, and the release to the defend-ant Murrell, eliminates said $1000 from this cause.

"2. That the deed from Buckley to defendant Murrell to the 323-acre tract, with clause of general warranty, created a debt in favor of Murrell against the said Buckley to the pro rata amount due thereon to Mrs. Kauffman under the deed made by her to said Buckley.

"3. I conclude that the deed from Buckley to defendant Murrell to the property in controversy was, in effect, a mortgage to protect and secure the said Murrell from loss on account of said indebtedness to Mrs. Kauffman, but inasmuch as Mrs. Kauffman had conveyed two tracts, one of 323 acres, the other 177 acres, I conclude that it would be inequitable and unjust to tax the entire debt against the said 323 acres, and that the same should be pro rated between the said two tracts sold by her.

"4. That inasmuch as defendant Murrell has been constantly in possession of said property in controversy in this action since same was conveyed to him, and received therefor a rental of $7 per month, I con-clude that it would be just, right, and equitable to divide said property between the litigants herein, giving to each one a half interest therein, which is accordingly done."

Appellants do not object to the lower court's conclusions of fact, but insist that the conclusions of law are incorrect.

The facts proved on the trial are as follows: Plaintiff read in evidence, to show common source of title, deed of B. M. Stone to M. B. Buckley and J. C. Barton, dated February 9, 1891, to block 80, in the town of Gatesville; deed of M. B. Buckley to defendant A. H. Murrell, dated September 15, 1893, conveying the property in controversy, reciting consideration as follows: "One thousand dollars to me in hand paid by A. H. Murrell as follows: that is to say, that whereas, I am justly in-debted to said A. H. Murrell in the said sum of money, this conveyance is made in satisfaction and payment of said indebtedness, which said

indebtedness the said Murrell has this day canceled and surrendered to me."

Then plaintiff read in evidence, to support its own title, the alleged judgment of the County Court of Coryell County, whereby Kelly-Goodfellow Shoe Co., the plaintiff, recovered judgment October 2, 1894, against Buckley & Barton, and M. B. Buckley, J. C. Barton, and W. V. Miller for $387 interest and costs, reciting issuance and levy of attachment on the property in controversy on the 28th day of May, 1894, adjudging that the lien by the attachment be preserved, and that the property be sold, and that such sale vest in the purchaser the title that defendants in that suit, or any of them, had to the property at the time of the levy; execution regularly issued under the judgment, November 1, 1894; return of sheriff thereon, showing levy on the property in controversy and sale regularly made on the 33d of December, 1894, to the plaintiff for $50 paid; deed in due form, by the sheriff of Coryell County, dated December 4, 1894, to the plaintiff, to the land in suit, conveying the title of Buckley & Barton, and M. B. Buckley, J. C. Barton, and W. V. Miller for $50 paid pursuant to the judgment and execution.

By A. H. Murrell's depositions it was shown that he did not remember date of Buckley's indebtedness to him, but thought it was before the deed of the 15th day of September, 1893, and did not remember the amount, thought it was about $1000, that he and Buckley had swapped land, and in the trade he owed Murrell the $1000 on the land he got, and that it was assumed in the deed. He did not pay Buckley anything, except through the land trade, and the lots in suit were deeded to him, Murrell, to protect him in that amount.

In August, 1891, Murrell owned 271 acres of the F. Zelner survey, and on that date he deeded the same to Buckley for a consideration of $2000, Buckley assuming payment of a loan which had been made to Murrell on the land. Murrell did not remember how the $2000 were paid, and did not know that the loan had been paid. He did not know whether the $1000 loan had or had not been paid, when Buckley conveyed to him the block 80·in Gatesville. He had Buckley to make him the deed to protect him. Miller, acting as agent for Murrell, had Buckley to execute the deed to Murrell to protect the latter in the loan of the $1000. Murrell had no conversations with Buckley about the sale. Murrell did not know who wrote the deed of September 15, 1893, by Buckley to him, who took the acknowledgment, and did not know that there was such a deed before it was filed for record; did not know who filed it for record, and he had never had it in his possession. He had rented the houses on the lots, and the occupants had paid him $7 per month for each house. W. V. Miller had rented them as his agent.

February 1, 1888, A. H. Murrell executed a trust deed to J. B. Watkins, trustee, conveying the 271 acres of land of the F. Zelner survey in Coryell County, to secure Annie Jane Bishop in the payment of a note for $1000, due February 1, 1893.

August 22, 1891, Murrell, defendant, executed a deed to M. B. Buckley, conveying the 271 acres of the Zelner survey, reciting $2000 paid in cash, and assumption of note for $1000, note dated February 1, 1888, to Annie Jane Bishop, J. B. Watkins being trustee.

J. B. Watkins, trustee of Annie Jane Bishop, executed a release to A. H. Murrell, dated February 1, 1893, "releasing deed of trust made by Murrell to Watkins, as trustee, February 1, 1888."

February 21, 1893, M. B. Buckley executed a deed to J. C. Barton, conveying the 271 acres of the Zelner survey in consideration of $3000 paid in cash.

February 1, 1893, J. C. Barton executed a deed of trust to J. B. Watkins, trustee, filed for record March 4, 1893, conveying the 271 acres of land, to secure not for $1000 of even date, due in five years, reciting: "It being fully understood and agreed by and between the parties hereto that this deed of trust is given in renewal of a former loan of $1000, dated February 1, 1888, and due February 1, 1893, made by A. H. Murrell through the J. B. Watkins L. M. Co." This was all of plaintiff's testimony.

Defendant's testimony, read in evidence: 1. Deed of B. M. Stone to M. B. Buckley and J. C. Barton, dated February 9, 1891, conveying block 80 in the town of Gatesville.

2. Deed of J. C. Barton to M. B. Buckley, dated August 13, 1894, conveying one-half interest in the block 80.

3. Deed of M. B. Buckley to defendant Murrell, dated the 15th of September, 1893, conveying lots 2 and 3, in block 80; same deed read by plaintiff.

4. Deed dated August 24, 1891, "filed" 15th October, 1891, by Clara Kauffman to M. B. Buckley, conveying 323 acres of the J. M. Hill 640-acre survey, and 177 acres of the J. M. ——— 1476-acre survey, in consideration of $541.67, paid in cash, and three notes for $361.11 each, due October 15, 1892, 1893, and 1894.

5. Warranty deed, dated October 6, 1891, filed for record same day, by M. B. Buckley to A. H. Murrell, conveying the above 323-acre tract of the Hill survey for a consideration of $1000 paid.

6. Deed dated July 12, 1893, by M. B. Buckley to J. C. Barton, conveying the above 177-acre tract of land out of the Hill 1476-acre survey, in consideration of $100 paid.

7. Order of sale issued January 16, 1897, out of the District Court of Galveston County, on judgment rendered June 12, 1896, in favor of Clara Kauffman against M. B. Buckley for $1299, ordering sheriff of Coryell County to sell the 323 acres of the Hill 640-acre tract, and the 177 acres of the Hill 1476-acre survey, described in the deed of Clara Kauffman to M. B. Buckley.

8. Deed by M. B. Buckley to J. C. Barton, dated July 13, 1893, conveying the 177-acre tract.

9. Deed of J. C. Barton to W. F. Howard et al., dated July 12, 1893, conveying the 177 acres, with other lands, for a consideration of $500

paid and secured to be paid, no mention being made of the debt to Clara Kauffman.

It was proved by the testimony of W. V. Miller that Buckley conveyed the property in controversy to defendant Murrell to pay the notes amounting to about $1000, which Buckley gave Clara Kauffman in the purchase of the 323 and 177 acres from her, the 323-acre survey being the same which Buckley had conveyed to Murrell by warranty deed dated October 6, 1891. Buckley & Barton burned out about the middle of September, 1893, and the deed from Buckley to Murrell was made in a few days thereafter, Buckley & Barton being unable to pay their debts at that time. Miller was acting for Murrell, and had Buckley make the deed to Murrell, and he filed it, and Murrell knew nothing about it until the deed was filed. The property in controversy is worth $1000 to $1200.

*Opinion.*—The deed of Buckley to Murrell to the lots in controversy was shown to be merely an indemnity, to save the latter harmless in case the 323 acres of the Hill survey, conveyed to Murrell by general warranty deed by Buckley, should be subjected to the payment of Mrs. Clara Kauffman's vendor's lien notes on the 323 acres. The evidence showed that Mrs. Kauffman was asserting her claim, and that an order of sale had been issued to sell the 323 acres and the 177 acres of land. The consideration paid by Murrell to Buckley was one thousand dollars, for which Buckley was bound on his warranty, and the order of sale indicates that the 323 acres sold to Murrell was not only liable for the vendor's lien notes of Mrs. Kauffman, but that a sale was imminent.

It is a well known rule that while the equity of redemption may be sold (Buchanan v. Monroe, 22 Texas, 541; Duty v. Graham, 12 Texas, 427; Mann v. Falcon, 25 Texas, 271), still, the mortgagee legally in possession can not be dispossessed by the mortgagor or his vendee, or anyone claiming under him, until the mortgage debt be paid. The debt secured by the mortgage must first be discharged before one claiming the equity of redemption can maintain an action to recover the mortgaged premises from the mortgagee rightfully in possession. Loving v. Milliken, 59 Texas, 427; Calhoun v. Lumpkin, 60 Texas, 190; Rodriguez v. Haynes, 76 Texas, 232; Duke v. Reed, 64 Texas, 715.

The court below evidently decided against the alleged fraud in the sale of Buckley to Murrell of the lots in suit. We do not see upon what principle the court could apportion the vendor lien debt outstanding, one-half against each of the two surveys, the 323 acres and the 177 acres, both being bound for the purchase money, and render judgment for plaintiff and defendant, each one-half of the land. Murrell's 323 acres was bound for the entire outstanding debt, and so was the 177 acres, and certainly, unless all the parties interested were before the court under proper averments, the court could not apply that debt, one-half to each of the two surveys bound for its payment. The court could not render any judgment that would bind Mrs. Kauffman. Besides, if he could, there was no evidence to furnish a basis for such judgment, the respect-

ive values of the two surveys bound for the vendor lien debt was not shown, and the court could not adjust the amount each survey ought to be bound for. The assigned errors in respect to the matters above referred to are well taken, and the judgment of the lower court ought to be reversed.

It is ordered that the judgment of the lower court be reversed and the cause remanded.

*Reversed and remanded.*