## E. S. MANN'S EXECUTRIX AND OTHERS v. B. M. FALCON.

This court will not revise exceptions taken to interrogatories because they are leading, if they were not brought to the attention of the court, and no ruling made upon them.

The doctrine that parol evidence is admissible to prove that a deed, absolute upon its face, was made and intended as a security for a debt, and is therefore a mortgage, is well settled.

It is competent for the defendant in an action of trespass to try title, under the plea of "not guilty," to prove as a matter of defence, that his deed to the plaintiff, and on which the latter relies, although absolute on its face, was in fact a mortgage; he need not plead it specially.

The doctrine laid down in the case of Duty v. Graham, 12 Tex. R., 427, that the mortgagor of real estate remains the real owner of the land, and entitled to the possession after as before the breach of the condition of defeasance, and the mortgagee cannot maintain an action of trespass to try title to dispossess him, is re-affirmed in this case.

This case is distinguished from the case of Hannay v. Thompson. 14 Tex. R., 142.

If the defendant, in an action of trespass to try title, defeats a recovery by showing that his deed under which the plaintiff claims, is a mortgage, the court will not render a decree of foreclosure, if the petition is framed solely with the view to a recovery of the premises, and does not ask that alternative relief.

In such case the plaintiff fails to recover upon the case stated, and may have his action upon the mortgage.

The notice of title given by possession of land, is equivalent to the constructive notice afforded by the registration of a deed; and where a deed to land had been made which was absolute on its face, and duly recorded, but was in fact intended as a mortgage, the grantor remaining in possession of the premises: Held, that a subsequent purchaser from the grantee, (mort-

gagee) of the land, to recover the same from the grantor of his vendor, must prove that he purchased for a valuable consideration, and without notice that the deed from the defendant was in fact a mortgage.

See the facts of this case for the application of the above principle, and where it was determined that the purchaser from the mortgagee could not be deemed in law to be an innocent purchaser.

APPEAL from Nueces. Tried below before William G. Hale, Esq., special judge agreed upon by the parties.

This was an action of trespass to try title, brought by Esther S. Mann, executrix of the last will of William Mann, deceased, and others, against Blas M. Falcon, for the recovery of five and one-half leagues of land; petition filed August 7th, 1856. The petition is in the usual form of such actions, the plaintiffs alleging title in themselves to the tract of land; that the defendant had entered upon and ejected the plaintiffs therefrom, and committed divers trespasses thereon; alleging the value of the fruits and profits to be of the value of ten thousand dollars; and praying for a judgment "for their damages aforesaid, mesne profits, costs of suit, and that they may recover possession of the said parcel of land, with the appurtenances, and for general relief."

The usual endorsement prescribed by the statute, that "the action is brought as well to try title, as for damage," was made on the petition. The defendant pleaded "not guilty," and the statute of limitations.

The plaintiffs introduced the original title to the land from the government, dated September the 27th, 1834, to the defendant; also a deed from the defendant to William Mann and Henry L. Kinney, dated 10th day of September, 1845, which was duly recorded in the year 1847; and subsequent conveyances from Kinney to Clopton, and from Clopton to the co-plaintiffs, with Mann's executrix. The defendant offered parol evidence to prove that the conveyance to Mann and Kinney was not absolute, but was a mortgage; to which the plaintiffs objected, because it was irrelevant and inadmissible under the pleadings, which objections were overruled, and the testimony was admitted.

The defendant introduced the evidence to show that the land was conveyed and title papers delivered at the date of Falcon's

deed to Mann and Kinney, as a security for goods delivered and cash advanced by them to him, amounting to $500, and that they had from time to time since recognized the transaction as a mortgage. The plaintiffs introduced evidence tending to prove that the transaction was a sale to them of the land by Falcon for a valuable consideration. Falcon was the only person who had possessed the land; was on it when the grant was made, resided on it at intervals, though his possession was disturbed by the revolution in 1836, and afterwards by the Indians,) was on it at the institution of the suit, and occupied and made improvements upon the tract of land in the year 1853, upon which he continued to reside thereafter. Kinney conveyed to Clopton in the year 1854; the subsequent conveyances from and under Clopton to the co-plaintiffs with Mann's executrix, were made in 1855.

The plaintiffs attached to cross-interrogatories by them propounded to the defendant's witnesses, objections in writing to certain interrogatories in chief, because they were leading. The answers to them were read, and it does not appear from the record that the objections were presented to, or ruled on by the court.

The court charged the jury as to the facts which would constitute a mortgage, and instructed them that if they found that it was a mortgage, the plaintiff Esther S. Mann, executrix, &c., cannot recover in this action, and to find against her; and whether the other plaintiffs can recover the other undivided half of the land will depend upon their having shown that they purchased their interest in the land for a valuable consideration, and without notice that the deed from the defendant was in fact a mortgage.

It was proved that Clopton had notice that Falcon claimed the land before he conveyed to Rayne, who conveyed afterwards to the co-plaintiffs with E. S. Mann.

The court charged the jury " that there can be no recovery by the plaintiffs of the debt supposed to be secured by the mortgage, because the action is not brought for, and cannot be used for that purpose."

The jury returned a verdict for the defendant, and judgment was rendered accordingly.

The appellants assigned as error the overruling by the court of

18Y

their objections to the evidence of the defendant; permitting the defendant to adduce parol evidence to show that the deed from the defendant was a mortgage; and not giving to the plaintiffs the benefit of the mortgage when established.

*Pryor Lea*, for the appellants.

*Robert Hughes*, for the appellee.

WHEELER, C. J.—The exceptions taken to certain of the interrogatories put to the witnesses, that they were leading, do not appear to have been brought to the attention of the court. It does not appear that there was any ruling upon them, and there is therefore no decision of the court upon the exceptions for this court to revise.

The doctrine that parol evidence is admissible to prove that a deed, absolute upon its face, was made and intended as a security for a debt, and is therefore a mortgage, is too well settled to require the support of a reference to authorities. It is also settled by the repeated decisions of this court, that, under the plea of "not guilty," in the action of trespass to try title, the defendant may give in evidence any special matter of defence to the action, whether legal or equitable. In order to admit evidence of such matter of defence, it is not necessary for the defendant to plead it specially. This is an anomaly in our pleadings, but it is the law and can only be changed by the law making power. (Punderson v. Love, 3 Tex. R.; Rivers v. Foot, 11 Tex. R., 662.) The court therefore did not err in admitting the defendant's evidence under the plea of "not guilty," to prove that his deed to Mann & Kinney, of the 10th of September, 1845, under which the plaintiffs claim title to the land in question, though on its face an absolute conveyance, was, in fact, a mortgage. The plaintiffs had seen proper to bring an action of trespass to try title; and it was the right of the defendant, under the statute, to rely on the plea of not guilty alone, and to introduce the evidence to support his defence under the plea.

The question whether a mortgage or not was fairly submitted

to the jury by the charge of the court. The evidence introduced by the defendant was amply sufficient to warrant them in finding a mortgage; and though there was evidence on the other side that went to support the opposite conclusion, it was for the jury to decide upon the credit to which the witnesses introduced by the parties respectively were entitled, and upon the weight of evidence. We can not say that the verdict was contrary to the evidence. It establishes that the supposed title relied on by the plaintiffs for a recovery, was a mortgage, and the consequence is that the rights and remedies of mortgagor and mortgagee attach to the parties to the instrument, and to the parties to the suit, unless the plaintiffs, or some of them, are purchasers without notice that the deed of the 10th of September, 1845, was a mortgage. Upon this point the jury were properly instructed by the court, and upon the evidence before them they were well warranted in finding that none of the plaintiffs were entitled to be deemed innocent purchasers. (Watkins, *et al.* v. Edwards, *et al.*, 23 Tex. R., 443.) The question then is, were the plaintiffs as mortgagees entitled to maintain this action to recover the possession of the mortgaged premises from the mortgagor in possession? This question is answered in the negative by the decision of this court in the case of Duty v. Graham. (12 Tex. Rep., 427.) The point was there directly ruled, upon full argument and consideration of the question, that the mortgagor remains the real owner of the land, and entitled to the possession, after as before the breach of the condition of defeasance, and the mortgagee can not maintain an action of trespass to try title to dispossess him. And this must be decisive of the present case. It is an action of trespass to try title, which, upon the authority of the case cited, can not be maintained by the mortgagees against the mortgagor.

The present is materially different from the case of Hannay v. Thompson. (14 Tex. R., 142.) That was a suit by the mortgagor against the mortgagee, rightfully in possession under a deed from the plaintiff, absolute upon its face; and it was held that the mortgagor could not recover back the possession after condition broken, without first discharging the debt which the mortgage was given to secure. Here the case is different. The mortgagees

have brought their action to recover the possession of the mort-gagor, in whom the right of property and possession remains. The action, as we have seen, can not be maintained, for that would be to dispossess the party who is the rightful possessor as against the mortgagees, and those who claim under them; and whose right of possession is not defeated or determined by the breach of the condition of defeasance, and can only be determined by a decree of foreclosure of the mortgage.

It is objected to the judgment that it does not accord to the plaintiffs their rights under the mortgage; in effect, that the court did not decree a foreclosure. To this it must be answered that the plaintiffs did not ask that relief. They did not so frame their petition as to enable the court to decree a foreclosure of the mort-gage. They were the actors, seeking the aid of the court to en-force their supposed rights. They are supposed to have known what their rights were, and the facts upon which they depended; and if they were such as, in any event, to entitle them to a de-cree of foreclosure, and they desired that alternative relief, in case their deed should be adjudged a mortgage instead of an absolute conveyance, they should have framed their petition with a view to that alternative aspect of the case. It was incumbent on them to state a case which entitled them to the relief they sought. There is no clearer or better settled principle than that a plaintiff must recover upon the case on which he has based his right to a recov-ery in stating his cause of action. (Parker v. Beavers, 19 Tex. R., 406.) It is an elementary principle in judicial proceedings in all courts, that the recovery must be *secundem allegata et pro-bata.* Upon a petition framed with the sole view to a recovery of the premises in an action of trespass to try title, the plaintiff cannot have a decree for the foreclosure of a mortgage. And such is the present case. The plaintiff failed to make out his case in evidence, and the judgment left the parties in *statu quo.* It adjudges nothing more than that the plaintiff is not entitled to recover upon the case stated; and that is the legal consequence of the finding of the jury upon the evidence. It does not conclude the plaintiffs of their remedy upon the mortgage. They still have their action for a foreclosure, if indeed there is anything due upon

the mortgage; unless they have lost their remedy by their neglect to sue within the period of the statute of limitations. The judgment is right upon the plaintiffs' allegations and the verdict of the jury; and the court did not err in refusing to make the satisfaction of the mortgage a condition to the admission of the defence.

There is no error in the judgment and it is affirmed.

Judgment affirmed.