HANNIBAL KING ET AL V. CHARLES C. HILL ET AL.

No. 7719. Decided December 10, 1941.
Rehearing overruled January 21, 1942.
(157 S. W., 2d Series, 881.)

*Henry Adams*, of Crockett, *H. A. Leaverton, Bramlette, Levy & Dotson*, of Longview, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that plaintiffs could not attack the deed of Denby to Mobley on the ground that said deed was intended to be a mortgage, under their pleadings of trespass to try title. Paul v. Perez, 7 Texas, 338; Toler v. Fertitta, 67 S. W. (2d) 229; Sisk v. Randon, 123 Texas 326, 70 S. W. (2d) 689.

*Kennedy & Granberry, C. W. Kennedy, Jr., F. P. Granberry*, all of Crockett, for defendants in error.

In a trespass to try title suit a deed cannot be shown to be a mortgage in the absence of a special pleading setting up the facts. Jasper State Bank v. Braswell, 130 Texas 549, 111 S. W. (2d) 1079; Mann v. Falcon, 25 Texas 271; Hannay v. Thompson, 14 Texas 142.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This is an action of trespass to try title brought by plaintiffs in error, Hannibal King, et al, against defendants in error, Charles C. Hill, et al, the land involved being 44-1/3 acres out of the C. C. Marsh survey in Houston County. The trial court rendered judgment in favor of defendants in error and that judgment was affirmed by the Court of Civil Appeals. 136 S. W. (2d) 632.

Defendants in error claim title under deed from H. G. Denby to G. W. Mobley. Plaintiffs in error claim title, in part at least, under G. H. Denby. Defendants in error introduced in evidence an instrument which purported to be, and was in form a deed from Denby to Mobley conveying the entire tract, whereupon plaintiffs in error offered evidence to establish the fact that such instrument was a mortgage given to secure an

indebtedness owing by Denby to Mobley. That evidence was admitted by the trial court and was found by the jury to be sufficient to establish that the instrument was in fact given to secured an indebtedness owing by Denby to Mobley. Judgment was not rendered by the trial court in favor of plaintiffs in error on such finding, but was rendered in favor of defendants in error. Upon what ground the court based its judgment is not made clear by the record. The Court of Civil Appeals affirmed the trial court's judgment upon one single ground, expressed in its opinion, as follows:

"While it is the general rule that a deed absolute in form given to secure the payment of a debt may be shown by parol to have been intended to operate as a mortgage, it is the established rule in Texas that, in an action of trespass to try title, it is incumbent upon the party to an action whose claim or defense is that the deed is a mortgage, and where the relief sought is an equitable one, to specifically plead such equities, otherwise they cannot be tried and he will be bound by the legal effect of the deed according to its terms, although facts may have existed which, if properly pleaded and proved, would have entitled the opposing party to affirmative relief."

Under that theory it was concluded that no other judgment could have been rendered by the trial court save one that plaintiffs in error take nothing, and accordingly the Court of Civil Appeals affirmed the case without discussing any of the assignments presented by the brief of plaintiffs in error, who were appellants in that court.

■ Neither the plaintiffs in error nor the defendants in error pleaded their title specially. The petition was in the form of a statutory petition in an action of trespass to try title as prescribed in Article 7366, R. C. S. The answer was by a general demurrer, general denial and plea of not guilty. There was a plea of limitation contained in the answer, but, as stated, no special pleading of the title relied upon by defendants in error.

It is provided in Article 7373, R. C. S. that:

"Under such plea of 'not guilty' the defendant may give in evidence any lawful defense to the action except the defense of limitation, which shall be specially pleaded."

That is clear and express authority for the holding that under his plea of not guilty, where neither party pleads his title specially, the defendant may show that a deed relied upon by the plaintiff is in fact a mortgage. Mann's Estate v. Falcon, 25 Texas 271. It follows that when the defendant, without special pleading, introduces in evidence an instrument which on its face is a deed under which he is claiming title, the plaintiff will be permitted to introduce evidence to establish that such purported deed is in fact a mortgage without any special pleading of that fact. Hannay v. Thompson, 14 Texas 142; Rivers v. Foote, 11 Texas 662; Rodriguez v. Lee, 26 Texas 32; McSween v. Yett, 60 Texas 183; Texas Cresoting Co. v. Hartburg Lumber Co., (Com. App.) 16 S. W. (2d) 255.

In the case of Hannay v. Thompson, above cited, the identical question here presented was definitely decided. In that case, as here, the defendant pleaded not guilty and in proof of his title offered in evidence a deed from the plaintiff to him. Objection was made to the admission of parol evidence offered by plaintiff for the purpose of showing that the deed was in fact a mortgage given to secure borrowed money. The objection was overruled and the evidence admitted. In sustaining the ruling of the trial court admitting such evidence this court, speaking through Justice Wheeler, employed this language:

"If the defendant had pleaded his title specially under the decisions of the court, (Rivers v. Foot, 11 Tex., 662; Paul v. Perez, 7 Id., 338,) the plaintiff might have been required to give notice by pleading of the intention to show by parol evidence that the absolute conveyance under which the defendant claimed and held possession was a mortgage. But as the conveyance was not pleaded, and the plaintiff had no notice of the title under which the defendant claimed, she was not bound to anticipate his defense or the evidence he would adduce in support of it, and had the right to rebut such evidence, or avoid the effect of it when introduced, by any evidence in her power. (Ib.) The evidence, therefore, was rightly admitted, and showed doubtless what was the truth of the case, that the conveyance was a mortgage. That point is now conceded and does not require further notice."

That is a clear statement of the rule and without pursuing the question further we hold that the Court of Civil Appeals erred in its holding that plaintiffs in error were bound by the legal effect of the purported deed according to its terms.

By reference to that portion of the opinion of the Court of Civil Appeals above copied it will be observed that the rule there announced was based upon the view that plaintiffs in error sought equitable relief. In our view no equitable relief was sought, but the proceeding was purely one in law. It was not necessary for plaintiffs in error, in order to prove title in themselves, to have the mortgage cancelled, and they sought no such relief. By proving that the purported deed was in fact a mortgage they rebutted or avoided the claim of defendants in error that title passed to them under said purported deed.

■ Numerous assignments of error are brought forward in the application for writ of error. In order to determine whether or not we should consider other assignments than the one above discussed we have inspected the brief filed by plaintiffs in error as appellants in the Court of Civil Appeals. That inspection disclosed that some of those assignments invoke the jurisdiction of the Court of Civil Appeals to set aside certain jury findings on the ground that same were against the great weight and overwhelming preponderance of the evidence. Those assignments have not been disposed of by the Court of Civil Appeals. This court is without jurisdiction to decide them. In this state of the record it is the practice here not to consider the law questions of which we have jurisdiction and then remand the case to the Court of Civil Appeals for a decision of those questions as to which we have no jurisdiction, but to remand the cause to the Court of Civil Appeals for a consideration by it of all assignments not decided in its former opinion without expressing our views thereon. The reason for this rule is stated, and authorities in support thereof cited in McKenzie Construction Co. v. City of San Antonio, 131 Texas 474, 115 S. W. (2d) 617.

The judgment of the Court of Civil Appeals will be reversed and the cause remanded to that court for further consideration in accordance with this opinion.

Opinion adopted by the Supreme Court December 10, 1941.

Rehearing overruled January 21, 1942.