LeGory Austin et al v. Yancy Austin, Jr., et al.

No. 8200. Decided March 8, 1944.
Rehearing overruled June 14, 1944.
Second Motion for rehearing overruled October 11, 1944.
(182 S. W., 2d Series, 355.)

30

*Adams & Morgan,* of Crockett, for petitioners.

It was error on the part of both the lower courts to hold that the deed to the property in controversy was made for the sole purpose of securing a debt to one J. S. Shivers and reciting a contractual consideration; that both courts erred in holding admissible and in considering any evidence contradictory to or varying the consideration recited in said deed, viz: the execution of vendor's lien notes; and the Court of Civil Appeals erred in affirming the judgment of the trial court on the ground that the deed was in fact a mortgage. Pridgen v. Furnish, 23 S. W. (2d) 307; Kahn v. Kahn, 94 Texas 114, 58 S. W. 825; McKivvitt v. McKivvitt, 123 Texas 298, 70 S. W. (2d) 694; Lott v. Kaiser, 61 Texas 666.

*Aldrich & Crook,* of Crockett, for respondents.

In answer to petitioner's proposition, set out above, respondents cite the following cases: Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Texas 360, 135 S. W. (2d) 79; Simmonds v. St. Louis, B. & M. Ry. Co., 127 Texas 23, 91 S. W. (2d) 332; Lindley v. Franklin Fire Ins. Co., 137 Texas 196, 152 S. W. (2d) 1109.

MR. JUDGE FOLLEY, of the Commission of Appeals, delivered the opinion for the Court.

This is a partition suit, originating between the four surviving children and heirs of Yancy Austin, Sr., and wife, Georgia Austin, both deceased, in which three of the children, Obelia Tarver, Yancy Austin, Jr. and Iona Jenkins, joined by her husband, sued their brother, the petitioner LeGory Austin, to partition and divide four tracts of land in Houston County in equal shares between the four children. The widow and children of R. C. Spinks, deceased, intervened in the cause. They claimed that LeGory Austin had sold R. C. Spinks an undivided 1/8th interest in one of the four tracts consisting of 101.5 acres and asked that such interest be set aside to them. Petitioner claimed title to 7/8th of the later tract by virtue of a deed from his parents. The original plaintiffs recovered judgment in the trial court for their respective 1/4th interests in each of the four tracts of land, and the intervenors recovered their 1/8th interest in the 101.5 acre tract, thus allowing petitioner a 1/4th interest in the three tracts and a 1/8th interest in the 101.5 acre tract. There was no controversy in the courts below relative to the first three tracts, hence there is none in this court. The complaint concerns only the interest of the four children in the 101.5 acre tract involved in the deed. The Court of Civil Appeals affirmed the judgment of the trial court. 174 S. W. (2d) 1010.

In their original petition the three plaintiff children merely alleged that they and their brother, LeGory Austin, were the surviving heirs of their deceased parents and sought partition of the four tracts of land described in their petition in equal shares between the four children. By supplemental petition such original plaintiffs alleged that petitioner was claiming full title to the 101.5 acre tract under a purported deed from his parents of the date of November 1, 1921, duly recorded in the Deed Records of Houston county, but which they asserted was not a conveyance but merely a mortgage for the purpose of securing a debt owed by their deceased father, Yancy Austin, Sr., to one J. S. Shivers. They further alleged that such purported deed was not intended to operate as a conveyance; that neither the deed nor the possession of the land was ever delivered to LeGory Austin; that petitioner had never asserted full title to the land until long after the death of his parents; and that he had only recently entered into possession of such land and for the first time asserted any ownership therein by virtue of the deed.

After the filing of the plea of intervention the original plaintiffs and intervenors, respondents in this court, joined together in a second supplemental petition in which they alleged that if such deed was intended as a conveyance, the grantors therein

had rescinded such sale under the authority vested in them in the vendor's lien therein retained.

The substance of the pleadings of petitioner was a general denial and a plea of limitation of four years based upon the assumption that respondents were attempting to rescind the deed of November 1, 1921, although no such equitable relief was sought by them.

As a factual background for the verdict of the jury and the judgment of the trial court, the evidence, as hereinafter stated, is practically undisputed.

For several years prior to the date of the purported deed, Yancy Austin, Sr., had been purchasing supplies from J. S. Shivers, a merchant of Crockett, Texas. Austin fell behind in his account and Shivers demanded security of him for the existing debt and for further supplies to be furnished. Shivers suggested to Austin that he sell a tract of his land to one of his children in order to create some vendor's lien notes which might be transferred to Shivers as security for Austin's debt. On November 1, 1921, Yancy Austin, Sr., and wife executed the deed purporting to convey the 101.5 acres of land to their son, the petitioner, and in turn petitioner executed four vendor's lien notes each in the sum of $250.00 payable to his father in one to four years from date, respectively. The deed recited no consideration other than the four notes. Yancy Austin, Sr., filed the deed for record on November 26, 1921, with the county clerk of Houston county. After the same was duly recorded the clerk redelivered the deed to him on December 10, 1921. On February 20, 1922, the four vendor lien notes and the lien securing their payment were pledged to Shivers in a written assignment from Yancy Austin, Sr.

In January 1925 Yancy Austin, Sr., executed a deed of trust covering other lands in favor of the Crockett State Bank to secure a loan. In such instrument he designated the land here involved as a part of his homestead. In April 1925 he and his wife executed an oil lease on the land in question and retained the full consideration therefor. In 1926 Yancy Austin, Sr., died, at which time only a part of his debt to Shivers had been paid by him. Thereafter his widow, Georgia Austin, paid the remainder of the indebtness to Shivers and the four vendor's lien notes were thereupon surrendered to her.

The possession of the land was never delivered to petitioner by his parents but was retained by the father until his death

in 1926, and thereafter by the mother until her death in 1934. Yancy Austin, Sr., paid the taxes on the land until his death and thereafter his widow paid one-half of them and the four children the other half, each child paying 1/8th thereof.

In 1933, subsequent to the death of his father and prior to the death of his mother, petitioner conveyed to R. C. Spinks his 1/8th interest in the land, reciting in the deed that it was his interest which he had derived from his deceased father, and that his mother was still living. After the death of his mother petitioner paid only 1/8th of the taxes on the land, the respondents paying the remainder. On August 12, 1936, petitioner joined the other three children and R. C. Spinks in the execution of an oil lease upon the land and, without objection or claim to the contrary, allowed his brother and sisters each to receive 1/4th of the proceeds of the transaction. In 1937 the parties attempted to divide the four tracts of land but were unsuccessful for some undisclosed reason. At that time petitioner made no claim that the land in controversy should not be included in the partition. It was not until March, 1942, preceding the filing of this suit in June of that year, that respondents learned petitioner was claiming the land under the deed of November 1, 1921.

■ The trial court did not submit to the jury the question as to whether the grantors rescinded the deed under their vendor's lien, and no request was made therefor. Upon issues which were submitted the jury found that the deed was executed for the sole purpose of creating the lien; that petitioner accepted it for the sole purpose of assisting his father in thus creating the lien; and that the grantors received no part of the purchase price for the land provided for in the deed. In another issue, submitted negatively, the jury apparently resolved the purported limitation question against the respondents, as shown in the opinion of the Court of Civil Appeals, although all the testimony, including that of petitioner, showed that none of the other children knew petitioner was claiming full title to the land until about three months before the suit was filed.

Upon the return of the verdict all parties filed motions for judgment. The trial court construed the verdict as being in favor of respondents and rendered judgment for them for the 7/8th interest in the land in controversy upon the theory that the deed did not pass title but was merely a mortgage. Judgment was also rendered decreeing a 1/4th interest in each of the four children in the other three tracts of land about which there is no controversy.

The Court of Civil Appeals affirmed the judgment of the trial court, not upon the ground that the deed was merely a mortgage, but, as we understand it, upon the theory, unsubmitted to the jury, that the grantors had rescinded the sale under the vendor's lien. The Court of Civil Appeals apparently took the position that although the issue was not submitted the trial court was authorized to make an independent finding on it and impliedly did so. This court granted the writ of error upon the assignment that the trial court was unauthorized to make such implied finding because the same was an independent ground of recovery which, being controverted, could not be resolved by the trial court in support of the judgment in the absence of a jury finding thereon. Rule 279, Texas Rules of Civil Procedure. We still adhere to our tentative opinion in this respect, but as we further view the case we have reached the conclusion that a recission by the grantors was neither essential nor material to the recovery of respondents. Independent of this theory it is our opinion respondents are entitled to recover under the material findings of the jury.

■■ We think the finding on limitation is immaterial because under no view of the pleadings and the evidence is petitioner entitled to recover more than a 1/8th interest in the land in question. Magnolia Petroleum Co. v. Connellee, 11 S. W. (2d) 158. This suit was not one in equity seeking to cancel a deed but one in law for the recovery of real estate upon the ground that the purported deed was merely a mortgage and no title passed under it. It was not incumbent upon respondents, in order to show title in themselves, to have the mortgage cancelled, and no such relief was sought. The mortgage lien was extinguished upon payment of the debt. Perkins v. Sterne, 23 Texas 561. By establishing the fact that the purported deed was merely a mortgage respondents destroyed the theory of petitioner that the title passed to him under the instrument in question. King v. Hill, 138 Texas 187, 157 S. W. (2d) 881. Thus the provisions of Article 5529, Vernon's Ann. Civ. St., as to limitation of four years has no aplication, and, since no other limitation statute was pleaded by petitioner, such question is not in the case. Stafford v. Stafford, 96 Texas 106, 70 S. W. 75.

■ The attack of petitioner upon the findings resolving the instrument in question into a mortgage relates only to the admissibility of the evidence upon which such findings are predicated. He contends that the parol evidence rule has been violated in that parol evidence may not be introduced to show an intention of the grantor contrary to that expressed in the deed. With this

contention we are not in accord. We recognize the general rule that parol agreements may not be allowed to destroy, impair or vary the effect of the plain recitals in a deed. But there are a few well recognized exceptions to this general rule. We are here concerned with only one of them. It is settled that parol evidence may be received to show that a purported deed was in fact intended as a mortgage. Silliman v. Oliver, 233 S. W. 867, writ refused; Duty v. Graham, 12 Texas 427; Mann v. Falcon, 25 Texas 271; McKeen v. James, 87 Texas 193; Loving v. Milliken, 59 Texas 423; Carter v. Carter, 5 Texas 93; Harrison v. Hogue, 136 S. W. 118, writ denied; Williamson v. Huffman, 47 S. W. 276, writ denied; 41 C. J. 328, Sec. 94. Therefore, parol evidence was admissible to show that the real purpose of the parties involved in this transaction was merely to create a lien, and having shown such purpose no greater effect will be given the instrument than that designed by the parties. The fact that the grantor filed the instrument for record is not conclusive that he intended the same to become operative as a conveyance. At most it was only prima facie evidence of such intent, which presumption might be rebutted as it was in this case. Koppelmann v. Koppleman, 94 Texas 40, 57 S. W. 570; McCartney v. McCartney, 93 Texas 359, 55 S. W. 310; Ford v. Hackel, 124 Texas 402, 77 S. W. (2d) 1043.

The judgments of both courts below are affirmed.

Opinion adopted by the Supreme Court March 8, 1944.

### ON MOTION FOR REHEARING

■ In his motion for rehearing petitioner insists that our holding in our original opinion as to the admissibility of parol evidence is in conflict with that in Pridgen v. Furnish (Tex. Com. App.), 23 S. W. (2d) 307, where it was held that stipulations in a vendor's lien note were contractual in nature and could not be varied or contradicted by parol. That case may be distinguished from the instant case in that such suit was for the enforcement of the payment of the vendor's lien note, and the parol testimony offered was in direct conflict with the terms of the written instrument sued upon. Such is not the case in the present suit. The vendor's lien notes executed by petitioner have been paid by the grantors according to the oral agreement and this suit is not for their enforcement. They are only incidentally involved in deciding the controlling question as to whether the deed was intended to operate as a conveyance or merely as a mortgage. In determining this matter parol evidence is clearly admissible under the authorities cited in our original opinion.

The motion for rehearing is overruled.

Opinion adopted by the Supreme Court June 14, 1944.

Second motion for rehearing overruled October 11, 1944.