**BIBLE BAPTIST SEMINARY et al.,**
Appellants,

v.

**FIRST BAPTIST CHURCH OF FORT WORTH, Appellee.**

No. 16151.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 14, 1960.

Rehearing Denied Nov. 18, 1960.

H. Joe Loe, Fannin & Fannin, and Oliver W. Fannin, Fort Worth, for appellants.

Brewster, Pannell, Leeton & Dean, and Wm. C. Pannell, Fort Worth, for appellee.

MASSEY, Chief Justice.

Suit in the form of trespass to try title was filed by the First Baptist Church of Fort Worth, hereinafter referred to as the Church, against the World Baptist Fellowship, the City of Fort Worth, Massachusetts Mutual Life Insurance Company, the Continental National Bank of Fort Worth, and the Bible Baptist Seminary. Said defendants will be hereinafter referred to (and considered to be included) by the term Seminary.

The Seminary replied to the suit so filed by a plea of "not guilty". The Church introduced evidence showing a chain of title to it, including as part of the instruments in said chain of title the Resolution of the Board of Directors for the Seminary, dated July 20, 1947, authorizing the execution of a deed to the Church, and also introduced the deed from the Seminary to the Church (presumably executed under authority of the Resolution), dated July 24, 1947. Also, the Church introduced in evidence as part of the chain of title a Resolution of the Seminary dated August 2, 1950, authorizing the execution of a deed to the Church, and also the deed to the Church (presumably executed under authority of the Resolution), dated January 30, 1951. These are all mentioned because the 1947 Resolution prima facie establishes a value of the property in question in excess of $150,000. Such 1947 Resolution and transfer, followed by a later transfer back to the Seminary prior to the time of the transaction in 1950–51 is indicative of a course of dealing between

the parties in furtherance of mutual religious objectives.

After presenting such chain of title evidence the Church rested. Immediately following such action by the Church the Seminary also rested. Both parties, plaintiff and defendant, moved for an instructed verdict. The trial court instructed the jury to return a verdict for the Church and entered judgment thereupon. The Seminary appealed.

Judgment reversed and cause remanded for another trial.

█ Ordinarily, in a case such as this it is the plaintiff who seeks to have set aside and declared as a mortgage or trust instrument that which on its face purports to be a deed. In the present instance, however, the same objective was sought by the Seminary as the party defendant. The suit matured by way of a trespass to try title suit filed by the ostensible vendee under the deed against the ostensible vendor, who filed a plea of "not guilty". This procedure is proper, and the Seminary was entitled to establish its case under such a plea without affirmative pleading. 29 Tex. Jur., p. 804, "Mortgages", sec. 14, "Evidence—Burden of Proof—Extrinsic or Parol Proof", and 42 Tex.Jur., p. 686, "Trusts", sec. 75, "Presumptions and Burden of Proof Generally". It is to be noted under such sections, however, that the burden of proof rested upon the Seminary to establish its contention that the deed was intended to operate as other than its purport according to its face, and it is further to be observed that in order to establish such contention the evidence must be of a cogent character—described in the cases by the terms "clear", "satisfactory", "equivocal", and the like. 29 Tex.Jur., p. 808, "Mortgages", sec. 16, "Probative Force of Evidence Requisite to Finding of Mortgage", and 42 Tex.Jur., p. 687, "Trusts", sec. 76, "Sufficiency of Evidence—In General".

In the instant case the test as to whether the Seminary met the requisite burden of proof to raise an issue of fact for determination must begin with the language of the Resolution it passed in August of 1950 and which went into the record by way of proof thereof, albeit its introduction by the Church. This Resolution reads as follows:

"Be It Remembered that on the 2nd day of August, 1950 there was held at the principal office of the corporation a meeting of the Board of Directors of the Bible Baptist Seminary of Fort Worth, Tarrant County, Texas, at which J. Frank Norris, Earl Oldham, Frank A. Godsoe, C. O. Nimmo, Claud J. Bonam, Edgar Tatum, and R. D. Ingle, being all the members of the Board of Directors, were present, and after said meeting had been duly called to order, and while it was in session, there was introduced, discussed, presented and unanimously passed the following resolution:

"Be It Resolved:

"Whereas, the Seminary is desirous of obtaining additional dormitory space to house and take care of students who are attending the seminary, and the seminary has a lease from the First Baptist Church of Fort Worth of a portion of the Church property situated on Blk. 75, of. the City of Fort Worth, and it is planned to add a floor to a portion of said buiding on 4th and Throckmorton streets, and to make certain changes in other portions of the building so that the said added floor and the other portions of such building may be divided into dormitory rooms to house students attending the Seminary and it is necessary to borrow $60,-000.00 for the purpose of making such changes and improvements and that the Seminary is unable to borrow such sum and amount without the aid of the First Baptist Church of Fort Worth and in order to secure such loan, it is necessary that the Seminary join with the Church in making said loan by deeding to the Church the dormitory building being a part of Block 76 of the

City of Fort Worth, South ½ of Lot One (1), Block 76 (76), of the original town of Fort Worth, in Tarrant County, Texas, * * * so that the Church may add such property to the property of the Church in making a loan sufficient to furnish said $60,000.00 to make said improvements.

"Now Therefore Be It Resolved that the Bible Baptist Seminary acting through its trustees is authorized and directed to deed to the First Baptist Church of Fort Worth the said dormitory building located in Block 76 * * * so that the Church may use said property together with the church property in making said loan and providing said funds to be used in said construction work."

The subsequently executed deed and the Resolution constitute evidence tending to support the Seminary's case, especially in view of the proof on value as of 1947 which would be presumed to have persisted.

■ Without passing upon the sufficiency of the evidence to have supported a finding of fact in favor of the Seminary, we are, nevertheless, of the opinion that it constitutes evidence of probative force upon a material issue. That being true, the trial court erred in instructing the verdict against it.

For general principles of law, see 29 Tex.Jur., "Mortgages", p. 798 under sec. 10, "Distinctions Between Mortgages and Other Contracts", and p. 807 under sec. 14, "Evidence—Burden of Proof—Extrinsic or Parol Proof"; 42 Tex.Jur., "Trusts", p. 643 under sec. 40, "Conveyance Without Consideration", and p. 667 under sec. 59, "—Cotenants—Cobeneficiaries—"; Restatement of the Law, Trusts, Ch. 12, p. 1244 (p. 322 in 2nd Ed.), "Resulting Trusts", Topic 1, "General Principles". The Seminary has cited three pertinent authorities, which, while not directly in point, seem to support its contentions. See Wilbanks v. Wilbanks, Tex.Sup., 1960, 330

S.W.2d 607; Austin v. Austin, 1944, 143 Tex. 29, 182 S.W.2d 355; and Bell v. Ramirez, Tex.Civ.App., Austin, 1927, 299 S.W. 655, error refused.

We overrule the contention of the Seminary that the judgment below be not only reversed but furthermore rendered in its favor. We have hereinabove indicated the burden of proof which must be discharged by the Seminary in order for it to prevail. In our opinion, it will be incumbent upon them, incident to any recovery, to obtain proper fact findings and, if returned by a jury, under an appropriate charge.

Reversed and remanded.

BOYD, J., not participating.