Melba MAXEY et vir, Appellants,

v.

CITIZENS NATIONAL BANK OF LUB-
BOCK, Texas, et al., Appellees.

No. 7861.

Court of Civil Appeals of Texas.

Amarillo.

May 27, 1968.

Rehearing Denied Aug. 5, 1968.

Cade & Bowlin, Lubbock, James O. Cade, Lubbock, of counsel, for appellants.

McWhorter, Cobb & Johnson, Chas. L. Cobb, Fred H. Timberlake, Lubbock, Richard Owens and Walter S. Fortney, Fort Worth, for appellees.

NORTHCUTT, Justice.

On October 19, 1964, Plaza Building Corporation executed a deed of trust in favor of Citizens National Bank of Lubbock upon the property here involved described as being Lot 37–A and the northeast five (5) feet of Lot 37–B replat of parts of Lots 37 and 44, Bobalet Heights, an addition to the City of Lubbock, Lubbock County, Texas, to secure a note of $35,000.00.

E. W. Williams, Jr., as substitute trustee under the deed of trust, had posted the property for sale. Injunction relief was sought by Melba Maxey, joined pro forma by her husband, Homer G. Maxey, restraining the sale of the property under the deed of trust. A temporary restraining order was issued restraining the sale under the deed of trust operative until and pending the hearing on the temporary injunction. The court denied the injunction and Melba Maxey and husband excepted to the court's order and gave notice of appeal. In the order denying the temporary injunction the court ordered the restraining order to remain in effect pending the appeal.

On October 1, 1958, Homer G. Maxey and wife, Melba, purchased Lot 37–A above mentioned and later purchased the five feet of Lot 37–B. On September 4, 1959, Homer G. Maxey and wife, Melba Maxey, deeded Lot 37–A to J. Herschel Maxey. On May 3, 1960, J. Hershel Maxey deeded Lot 37–A to Plaza Building Corporation and on the same day Homer Maxey and wife deeded the five feet of Lot 37–B to Plaza Building Corporation. On May 3, 1960, Plaza Building Corporation executed and delivered to Investors, Inc. its note for $30,000.00 secured by deed of trust on said Lot 37–A and the five foot strip, and on the same date Investors, Inc. assigned said note and deed of trust lien to Aetna Life Insurance Company. Then on October 19, 1964, Plaza Building Corporation executed the note and deed of trust here involved to the Citizens National Bank of Lubbock.

On November 28, 1967, Mrs. Melba Maxey, joined pro forma by her husband, Homer G. Maxey, brought this suit to enjoin the sale above mentioned on the ground that the property was her homestead. The undisputed record herein shows that neither Mr. nor Mrs. Maxey ever had title to the property since the residence they claim as homestead was constructed, but the title has been in Plaza Building Corporation at all times since May 3, 1960. Mr. Maxey testified at the time the property was deeded to Plaza Building Corporation he owned 75% of the corporation and Harold Blank owned 25%. He further testified that he paid rent of $250.00 per month to Plaza and that Plaza paid taxes and insurance on the property; that Plaza depreciated the property and took taxes and insurance off as a corporate expense on corporate income tax returns. He paid the rentals on the property and showed it on his income tax returns.

We think the sole issue here to be determined is whether the deeds under the record here could be construed as a mortgage. In determining whether a deed absolute on its face is a mortgage, the intention of the parties is controlling, and in the absence of any writing, this intention is manifested by and inferred from all the facts and circumstances of the transactions under which the deed was executed taken in connection with the conduct of the parties after its execution. Whether a deed absolute is in fact a mortgage is a mixed question of law and fact. The test by which to determine whether the instrument is a mortgage is—was there a subsisting, continuing debt and a continuation of the relation of debtor and creditor? The fact is not only a circumstance tending to show that the conveyance is a mortgage but is indispensable to the existence of the mortgage. If there is no indebtedness for which the conveyance is security there could be no mortgage. Ordinarily there must be an agreement expressed or implied on the part of the mortgagor to pay the mortgagee a sum of money. Where there is no promise to pay, the deed will not be construed to be a mortgage. There is nothing in this

record to show the existence of the relation of debtor and creditor. It is stated in Barrera v. Gonzales, Tex.Civ.App., 341 S.W.2d 703 (n.r.e.) as follows:

"The legal principle involved is settled. A deed absolute on its face may be construed as a mortgage if the evidence, including parol evidence, shows that such was the intention of the parties. Wilbanks v. Wilbanks [160 Tex. 317], 330 S.W.2d 607; Bradshaw v. McDonald, 147 Tex. 455, 216 S.W.2d 972; Kokernot v. Gilstrap, 143 Tex. 595, 187 S.W.2d 368; Parmenter v. Kellis, Tex.Civ.App., 153 S.W.2d 965. *The criterion is the continued existence of a debt or liability between the parties, so that the conveyance is in reality intended as a security for the debt or indemnity against the liability.'* 3 Pomeroy's Equity Jurisprudence, 4th Ed., § 1185; Parmenter v. Kellis, supra." (Emphasis ours.)

It is also stated in McMurry v. Mercer, Tex.Civ.App., 73 S.W.2d 1087 (writ ref'd) as follows:

"To convert a deed absolute in form into a mortgage, it must appear that it was executed to secure the payment of an indebtedness, or the performance of some obligation; so, applying this doctrine to the instant case, to convert either of the deeds under consideration into a mortgage, it must appear that the grantor was indebted to Mercer, to secure which the deed was executed, and that Mercer could have compelled payment by proper proceedings; in other words, the existence of the relation of debtor and creditor is absolutely essential as a basis for the contention that these deeds are mortgages. See Calhoun v. Lumpkin, 60 Tex. 185, 189; Astugueville v. Loustaunau, 61 Tex. 233; McCamant v. Roberts, 80 Tex. 316, 322, 15 S.W. 580, 1054."

See also Young v. Fitts, Tex.Civ. App., 183 S.W.2d 186 (ref'd wom); Rosinbaum v. Billingsley, Tex.Civ.App., 272 S.W.2d 591 (n.r.e.); Callaway v. Snead,

Tex.Civ.App., 33 S.W.2d 552 and the many cases cited in all these cases. In view of what we have said, it is obvious that we overrule all of appellants' assignments of error raising the question of homestead of appellants. Judgment of the trial court is affirmed.