John B. WILLIAMS, et ux., Appellants,

v.

DeAnna SHAMBURGER, et al., Appellees.

No. 10–82–068–CV.

Court of Appeals of Texas, Waco.

Aug. 26, 1982.

Rehearing Denied Sept. 23, 1982.

James B. Barlow, Barlow, Gardner, Tucker & Garsek, Fort Worth, for appellants.

James A. Showers, Michael W. McDonald, Martin, Showers & Smith, Hillsboro, for appellees.

## OPINION

CHASE, Justice.

This is a partition suit which was brought by the Appellants as the result of the judgment of this Court in *Williams v. Williams,* 559 S.W.2d 888 (Tex.Civ.App.—ref. n.r.e.) which held that the land in question in the instant case was owned as tenants in common, one-tenth by the Appellants herein and nine-tenths by the Appellees herein.

The Appellants brought this suit for partition of the land and to recover some $84,-000.00 alleged to have been expended for the maintenance and improvement of the property and for the payment of taxes assessed against it.

The case was tried to the court without a jury and resulted in a judgment which found that the property was incapable of partition in kind, and ordered it sold. The court also found that the plaintiffs should take nothing in their claim for expenditures for maintenance and improvement of the property and the payment of the taxes. The judgment awarded one-tenth of the proceeds of the sale to each of the ten cotenants.

Appellants have appealed the judgment on three points of error charging the trial court erred, in failing to reimburse Appellants for $84,000.00 worth of expenditures made in maintaining, improving and enhancing the value of the property; in holding that the expenditures made by the Appellants were offset by benefits received by Appellants from renting and utilizing the property, and, in abusing its discretion by failing to adjust the equities between the cotenants.

No request for Findings of Fact and Conclusions of Law was made, and none have been filed.

■ When no Findings or Fact or Conclusions of Law are filed, the trial court's judgment implies all necessary fact finding in support thereof. In determining whether there is evidence to support the judg-

ment, it is proper for us to consider only the evidence most favorable to the judgment, and to disregard entirely that which is opposed to it. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609.

Appellants introduced into evidence 143 Exhibits in the form of cancelled checks and receipts for monies paid in connection with the construction and maintenance of fences, clearing of land, terracing of land, brush burning, construction of roads, additions to the buildings and the home, the construction of farm ponds and general maintenance and improvements about the farm; all this in support of their claim totaling $84,000.00.

The record reflects that the Appellants held exclusive possession of the property for approximately 25 years refusing Appellees access thereto. It also shows that Appellants received all of the rents and profits from the farm and took all the losses from its operation as deductions against their income tax, so that none of the losses were allocated to the Appellees. Appellants also received some $28,109.52 from soil bank payments, house rents and land rentals in addition to $5,172.00 which they received as a bonus for leasing the property for oil and gas. None of this money was shared with the Appellees as co-owners.

■ The Appellants as owners of only one-tenth of the property were obligated to share the income with their co-owners and were entitled to recover the reasonable and necessary expenditures for the preservation of the property. *Wooley v. West,* 391 S.W.2d 157 (Tex.Civ.App.—ref. n.r.e.); *Gonzalez v. Gonzalez,* 552 S.W.2d 175 (Tex.Civ. App.—ref. n.r.e.); *Schluter v. Sell,* 194 S.W.2d 125 (Tex.Civ.App.). While the many expenditures detailed by the Appellants probably includes a number of items of maintenance for the preservation of the property, the record does not set forth any specific amount which was expended in that regard. We must presume that the trial court took this into consideration in making his award.

■ It is also obvious that many of the expenditures were made in improvements to the property, but a cotenant who im-

proves property without the consent of his cotenant cannot recover the actual amounts expended. It is well settled that the amount of the recovery for such improvements is limited to the value of the enhancement of the property at the time of the partition. *Burton v. Williams,* 195 S.W.2d 245 (Tex.Civ.App.—ref. n.r.e.).

The record does not contain any evidence as to the amount the property has been enhanced, if any, by the funds alleged to have been expended in improvements. Here again we must presume that the trial court took into consideration these expenditures in making his award.

When this Court considers the many benefits of income, use of the property, and income tax deductions which were received by the Appellants over a 25 year period out of which they had only to pay the taxes, as compared to no benefits received by the Appellees other, than such improvement as was possibly made on the property, and when viewing the record as a whole, it cannot be said that the court erred in its division of the fund or abused its discretion in the adjustment of the equities between the cotenants.

Appellants points are overruled and the judgment of the trial court is affirmed.