Jerry K. BELL, Appellant,

v.

Dorothy D. BELL and Keith Frank Bell, Appellees.

No. 14586.

Court of Appeals of Texas, Austin.

Oct. 8, 1986.

Rehearing Denied Nov. 5, 1986.

Richard W. Alexander, Austin, for appellant.

Edwin J. (Ted) Terry, Jr., John Barrett, Austin, for appellees.

Before POWERS, BRADY and CARROLL, JJ.

BRADY, Justice.

Jerry K. Bell appeals from a judgment construing a deed to be a mortgage rather than a conveyance. By his sole point of error, appellant argues that the trial court erred in holding that he did not possess a fee simple interest in the property. Appellant contends that there is no evidence to support the conclusion that the deed was intended only as a mortgage. We will affirm the judgment of the trial court.

The deed in question purports to convey a fee simple interest to both the appellant and the appellees, who are appellant's son and daughter-in-law. Each of these parties is also named in a note and deed of trust executed during the acquisition of the property. The appellees contend appellant's name only appears on the documents to secure a loan he made to assist them in

purchasing the land and because he lent his name to the transaction to help them obtain additional credit.

At trial, there was testimony that the transaction was indeed intended as a mortgage. The appellees testified that the parties verbally agreed that the appellees would own the property while appellant's name would appear on the deed only to protect his loan. Appellant himself testified it was agreed he would own a one-third interest in the property until such time as the loan liabilities were extinguished and then his ownership interest would also be extinguished. It was also established that appellant advanced appellees $7,000.00 to close the sale.

After acquisition of the property, the appellees obtained a divorce and the land was ordered sold as a result of those proceedings. Appellant then instituted this suit for partition of the property.

During the period the appellees were married and living in the house, they made all the mortgage payments and paid for the insurance and taxes attributable to the property. They also paid for repairs and for the construction of improvements to the house. Appellant, on the other hand, never made any monthly payments on the home nor did he claim any deductions from his income tax as an owner of the home. Appellant also permitted appellees to list the property for sale with an agent. At no time did appellant exercise any incidents of ownership concerning these premises. It was not until the court hearing appellees' divorce ordered the house sold that appellant first asserted any claim to it.

■ In Texas, the general rule is that a parol agreement may not be received to destroy, impair, or vary the effect of the plain recitals in a deed. *Austin v. Austin,* 143 Tex. 29, 182 S.W.2d 355 (1944). There are, however, exceptions to the rule. It is well settled that parol evidence may be introduced to show that a purported deed was in fact intended as a mortgage. *Id.* 182 S.W.2d at 357. When a deed absolute on its face is declared to be a mortgage, it is not a grant of title but is instead from its

inception a mere lien. *Humble Oil & Refining Co. v. Atwood,* 150 Tex. 617, 244 S.W.2d 637 (1951).

■ In determining whether a deed absolute on its face is a mortgage, the courts look to the intent of the parties as manifested by all facts surrounding the transaction. *Maxey v. Citizens National Bank,* 432 S.W.2d 722 (Tex.Civ.App.1968, no writ). The controlling issue is whether there exists an indebtedness for which the purported conveyance is security because without a debt there can be no mortgage. *Id.* at 723 and *Fulbright v. Culbertson,* 429 S.W.2d 179 (Tex.Civ.App.1968, writ ref'd n.r.e.).

Appellant's point of error asserts there is no evidence to support the holding that the deed was intended as a mortgage and not a fee simple conveyance. Citing the recent case of *Cherry v. Johnson,* 703 S.W.2d 819 (Tex.App.1986, writ granted), appellant argues that, while the intent of the parties is important, there must be proof of an enforceable obligation, not merely an intent to repay. The *Cherry* court expressly disagrees with an earlier decision, *Bantuelle v. Williams,* 667 S.W.2d 810 (Tex.App.1983, writ ref'd n.r.e.), relied upon by appellees, which held a debtor-creditor relationship will be imputed upon proof of a loan. *See Cherry* at 821 and *Bantuelle* at 818. While *Cherry* and *Bantuelle* are in apparent conflict, a resolution of that controversy is not necessary for determination of this appeal.

Because the appellant failed to procure findings of fact and conclusions of law, this Court must affirm the lower court if its judgment can be sustained "on any legal theory supported by the record." *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978); *see also* 4 McDonald, Texas Civil Practice § 16.10 (1984). Furthermore, when reviewing a no evidence point of error, in absence of findings of fact and conclusions of law, the appellate court must consider only the evidence most favorable to the judgment and disregard all evidence which opposes it. *Gulf Interstate Engineering Co. v. Pecos*

*Pipeline and Producing Co.,* 680 S.W.2d 879, 881 (Tex.App.1984, writ dism'd); *Holloman v. Denson,* 640 S.W.2d 417, 419 (Tex.App.1982, writ ref'd n.r.e.); *Williams v. Shamburger,* 638 S.W.2d 639, 640 (Tex. App.1982, writ ref'd n.r.e.).

█ In the case at bar, there is sufficient evidence from which the court could have found an enforceable debt to support the adjudged mortgage. An examination of the record reveals that evidence was presented establishing an express agreement between appellant and appellees for the repayment of the $7,000.00 advanced in closing. It is significant that appellant conceded in his testimony that he would continue to own one-third of the property only until the debt was repaid. Additionally, evidence of partial repayment also indicates the advancement was a loan. It is clear that, although the trial court failed to find appellant owned a fee simple interest in the property, the nature of the agreement set forth by the evidence could support a finding that there was an enforceable obligation as to the $7,000.00. Thus, the appellant's no evidence point of error is overruled.

The judgment of the trial court is affirmed.