Affirmed in Part and Reversed and Remanded in Part and Opinion filed
November 7, 2002













Affirmed in
Part and Reversed and Remanded in Part and Opinion filed November 7, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00902-CV

____________

 

KRISS RANDALL KARP, Appellant

 

V.

 

MARCIA ANN KARP, Appellee

 

__________________________________________________________

 

On Appeal from
the 311th District Court

Harris County, Texas

Trial Court
Cause No. 99-08748

 

__________________________________________________________

 

O P I N I O
N

            Appellant Kriss
Randall Karp appeals from the trial court’s order enforcing the Rule 11
Agreement he entered with his ex-wife, appellee,
Marcia Ann Karp, following their divorce. 
In four points of error, appellant challenges (1) the trial court’s
jurisdiction to enforce the agreement; (2) the trial court’s award of offsets
to appellee; and (3) the trial court’s assignment of
proceeds from the sale of his homestead as payment for attorney’s fees.  We reverse and remand to the trial court.

 

 








 

                                                  I. 
Factual Background

            Marcia and Kriss
Karp were divorced on December
 6, 1999.  In the
divorce decree, the court awarded the house to both parties as separate
property, tenants in common.  The court
awarded Marcia possession of the property. 
The decree also provided that Marcia’s possession of the property did
not affect ownership rights or duties of either party.  Following the divorce, Marcia paid the
mortgage and all expenses necessary to maintain the property.  Although Kriss
maintained a one-half ownership interest in the property, he did not pay any of
the mortgage or maintenance expenses. 
The parties subsequently entered into an agreement pursuant to Texas
Rule of Civil Procedure 11 regarding the sale of their home owned as tenants in
common.  The agreement provided in part:

Upon final appraisal of the home, the parties agree that the sum of
$17,000.00 and the balance of the mortgage shall be deducted in order to reach
a value to be divided as equity in the property on a 50/50 basis.  Marcia Ann Karp shall have first right to
purchase Kriss Randall Karp’s interest in the
home.  She shall exercise this right no
later than May 1, 2000.  If she fails to exercise this option and pay
to Kriss Randall Karp his ½ equity interest by May 1, 2000, the home shall be placed on the market and sold and the proceeds
shall be divided in accordance with the provisions stated above. 

 

            Following appraisal of the home,
Marcia exercised her right to purchase Kriss’s
interest in the home.  Kriss refused Marcia’s offer because he disagreed with the
appraisal. Marcia filed suit to enforce the Rule 11 agreement, requesting that
the trial court order Kriss to issue a deed for his
half of the property and to pay his portion of the expenses incurred in
maintenance of the property since the divorce. 
Consistent with the agreement, the trial court appointed another
appraiser.  Following a hearing, the
trial court ordered Kriss to execute a deed conveying
his interest in the property to Marcia. 
The trial court further determined that Marcia did not owe Kriss any money because the offsets owed to Marcia exceeded
the value of his interest in the property.

 

                                                            II. 
Jurisdiction

            In his first issue, Kriss claims the trial court lacked jurisdiction to enforce
the Rule 11 agreement.  Kriss bases his argument on the fact that the trial court
lost jurisdiction to modify the divorce decree thirty days after the decree
became final.  The trial court’s
jurisdiction to enforce a Rule 11 agreement, however, is not contingent on its
jurisdiction to modify a divorce decree. 
See Tex. R. Civ. P. 11.  For a Rule 11 agreement to be enforceable, it
must be (1) in writing; (2) signed; and (3) filed with the papers as part of
the record.  See Kennedy v. Hyde, 682 S.W.2d 525, 529 (Tex.
1984).  

            Here, both parties signed the
agreement and the trial judge approved and adopted it as the order of the court
prior to the filing of Marcia’s suit. 
Despite the fact that the order had its genesis as an agreement between
the parties, it has independent status.  Ex parte Gorena, 595 S.W.2d 841, 844 (Tex.
1979).  Once an agreement between parties
has been approved by the court and made a part of its judgment, the agreement
is no longer merely a contract between private individuals, but is the judgment
of the court.  Pettitt v. Pettitt, 704 S.W.2d 921, 923 (Tex.
App.—Houston [14th Dist.] 1986, writ ref’d n.r.e.).  Though
subject to the law of contracts in its interpretation, the agreement was,
nevertheless, a judgment of the court and subject to enforcement.  See
Allen v. Allen, 717 S.W.2d 311, 313 (Tex.
1986).  Therefore, the trial court had
jurisdiction to enforce its own order.  See Spradley v.
Hutchison, 787 S.W.2d 214, 218–19 (Tex. App.—Fort Worth 1990, writ
denied).  Appellant’s first issue is
overruled.

                                           III.  Offsets and Attorney Fees

            In his second and fourth issues, Kriss complains about the trial court’s award of offsets to
Marcia because the agreement did not specifically provide for offsets.  In his third issue, Kriss
contends the trial court erred when it ordered him to turn over proceeds from
the sale of the homestead to Marcia as payment of attorney’s fees.  A settlement agreement is a contract and its
construction is governed by legal principles applicable to contracts
generally.  Donzis v. McLaughlin, 981 S.W.2d 58, 61 (Tex. App.—San Antonio 1998, no
pet.).  In construing a written contract,
the court’s primary concern is to ascertain the true intentions of the parties
as expressed in the instrument.  Coker v. Coker, 650 S.W.2d 391, 393 (Tex.
1983).  The court shall consider evidence
of circumstances surrounding the execution of the agreement.  America’s
Favorite Chicken Co. v. Samaras, 929 S.W.2d 617, 622 (Tex. App.—San Antonio
1996, writ denied).   

            The divorce decree created a tenancy
in common between the Karps’ separate estates.  See Dierschke v. Central Nat’l Branch of First Nat’l Bank at
Lubbock, 876 S.W.2d 377, 379 (Tex. App.—Austin 1994, no writ) (“An
undivided possessory interest in property is a
tenancy in common.”)  In a tenancy in
common, the co-owners are required to share the income generated from the
property and must share the reasonable and necessary expenditures for preservation
of the property.  Williams v. Shamburger, 638 S.W.2d 639,
640 (Tex. App.—Waco 1982, writ ref’d n.r.e.).  Therefore,
Marcia is entitled to offsets for funds expended for the preservation of the
property.

            The trial court heard evidence
supporting Marcia’s contention that she had paid all expenditures for the
preservation of the property since the divorce. 
Marcia introduced an exhibit that detailed the items to be deducted from
the value of the house.  Those items
included the balance due on the mortgage and the $17,000 referred to in the
Rule 11 agreement.  Marcia then listed
several amounts owed by Kriss as offsets.  Included among those items was $17,000 for
attorney’s fees awarded in the previous decree, and a fee of $2,450 for
supervised exchanges (supervision of visitation under the divorce decree).  The court’s judgment included $17,000 as an
offset for attorney’s fees in addition to the $17,000 referred to in the Rule
11 agreement.  Although Marcia is
entitled to offsets for expenses related to preservation of the property, she
is not entitled to offsets for previously awarded attorney’s fees and
supervised exchanges.  See Scott v. Scruggs, 836 S.W.2d 278,
281 (Tex. App.—Texarkana 1992, writ denied) (citing general rule that offsets
are allowed for preservation of the property). 
The trial court enforced the agreement as written, allowing Marcia to
purchase Kriss’s half interest in the house.  The trial court further allowed Marcia
offsets to which she is entitled under her status as a co-tenant, but included
offsets to which she is not entitled. 
Therefore, the trial court erred in awarding offsets for attorney’s fees
awarded in the previous decree and funds for what was denominated as supervised
exchanges.  To the extent that
appellant’s second, third, and fourth issues challenge the trial court’s
allocation of attorney’s fees and supervised exchanges as offsets for sums owed
to Kriss, those issues are sustained.[1]

            The judgment of the trial court is
reversed with regard to the improper offset allowances and we remand for
proceedings consistent with this opinion. 
In all other respects, the judgment is affirmed.

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Opinion filed November
 7, 2002.

Panel
consists of Justices Yates, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 

 











            [1]  In response to appellant’s third issue, appellee asserts Kriss does not
have a homestead interest in the home because he does not have a possessory interest. 
Our holding that attorney’s fees were improperly included in the
offsets, pretermits a discussion of whether the home
is Kriss’s homestead.